SANCHEZ v. BLUMBERG. (No. 5402.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 20, 1915. On Motion for Rehearing May 5, 1915. Further Rehearing Denied June 2, 1915.)

1. BAILMENT ☞11—LIABILITY OF BAILEE—SPECIAL CONTRACT.

The parties to a bailment may substitue, for the contract implied by law, a special contract relieving the bailee from all liability or making him an insurer, but his liability is not to be enlarged or restricted by words of doubtful meaning.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 33–36; Dec. Dig. ☞11.]

2. ANIMALS ☞27 — CONTRACT OF BAILEE — CONSTRUCTION.

A contract, obligating a tenant to use good and reasonable care and caution in the care and maintenance of mules furnished him by the landlord and to return them on expiration of the lease in as good condition as received, the natural wear and tear excepted, did not constitute the tenant an insurer of the mules, but obligated him merely to use ordinary diligence in safeguarding them.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 70–78; Dec. Dig. ☞27.]

3. ANIMALS ☞27—HIRE AND USE—LOSS—ACTION AGAINST BAILEE—NEGLIGENCE—EVIDENCE.

Evidence in support of a bailor's cross-action for loss of a mule drowned while in the bailee's possession *held* insufficient to show that the loss was due to any negligence of the bailee, where there was nothing to indicate that a reasonably prudent man would have anticipated such an accident.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 70–78; Dec. Dig. ☞27.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4. ANIMALS ⌐⟲27—LOSS OF PROPERTY—NEG-
LIGENCE OF BAILEE—WHAT CONSTITUTES.

That the bailor requested that a mule, the subject of the bailment, be moved to another pasture because of scarcity of the grass, did not render the bailee liable for loss of the mule from being drowned by a flood, though it would not have been drowned had the bailee complied with the bailor's request; noncompliance with such request not constituting negligence which proximately caused the death of the mule.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 70–78; Dec. Dig. ⌐⟲27.]

5. BAILMENT ⌐⟲11—LOSS OF PROPERTY—COM-
MON-LAW LIABILITY OF BAILEE.

The common-law liability of a bailee does not make him liable for loss of the property by theft or its being taken from him by force.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 33–36; Dec. Dig. ⌐⟲11.]

On Motion for Rehearing.

6. SET-OFF AND COUNTERCLAIM ⌐⟲35—UN-
LIQUIDATED CLAIM FOR TORT—ACTION FOR
CONVERSION.

In a tenant's action against his landlord for conversion of the proceeds of a check received for crops grown on the leased premises, which proceeds were obtained from the bank by defendant to whom plaintiff delivered the check, the defendant cannot set off an unliquidated claim for damages for tort arising out of the loss of a mule furnished plaintiff by defendant.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 58–64; Dec. Dig. ⌐⟲35.]

Appeal from Guadalupe County Court; J. M. Woods, Judge.

Action by S. Sanchez against August Blumberg. From judgment for defendant, plaintiff appeals. Reversed and rendered.

Fred N. Cowen and Wm. H. Russell, both of San Antonio, for appellant. J. A. Harley and Dibrell & Mosheim, all of Sequin, for appellee.

MOURSUND, J. Appellant sued appellee in justice's court for $126.20, alleging that two checks aggregating said sum had been given plaintiff by Round Bale Gin Company, and that when plaintiff presented same at the bank payment was refused, whereupon appellee undertook to secure the money on such checks and presented them to the bank, which gave appellee credit for the amount thereof and defendant refused to pay such amount to plaintiff. There was also a prayer for exemplary damages in the sum of $70. Judgment was rendered in favor of plaintiff for $63.10. On appeal to the county court, defendant specially excepted to the plea for exemplary damages, and after a general denial specially denied that he was indebted to plaintiff and claimed that plaintiff was indebted to him in the sum of $96.90. He alleged that about January 1, 1913, he leased plaintiff certain land for the year 1913, agreeing to furnish teams and farming implements for the cultivation of the land and also feed for the teams; that he delivered to plaintiff certain mules with the express agreement that plaintiff was to take good care thereof and to use reasonable care and caution in the care and maintenance of said mules and return them to plaintiff after the expiration of said lease; that plaintiff negligently permitted one of the mules which was worth $150 to be destroyed by drowning or by escaping and wandering off; that plaintiff never accounted to defendant for the value of said mule; that plaintiff had in his possession cotton of the value of $63.10, to which plaintiff was entitled by reason of said rental contract and defendant applied said sum of $63.10 in part payment of the debt due him by plaintiff for the mule, leaving the sum of $96.90 due him by plaintiff; that plaintiff's claim in an unliquidated demand, and defendant's claim arises out of said contract and is connected therewith; and that plaintiff, if otherwise entitled to recover, could not recover except upon the faith of the rental contract by the terms of which he was to receive one-half of the crops produced and by reason of which he had possession of the mules which he was obligated to return in as good condition as when received, "the natural use and wear excepted"; that plaintiff is insolvent and for that reason defendant is entitled to offset his demand above pleaded. His prayer was that he be permitted to offset his claim for the loss of the mule against any claim of plaintiffs, and that he have judgment for $96.90. It seems that plaintiff orally amended his pleading so as to claim only $63.10, for the court instructed the jury that:

"Plaintiff seeks to recover from defendant the sum of $63.10 alleged to be due plaintiff by reason of his one-half interest in two certain checks aggregating $126.20, which two checks were appropriated by defendant to his own use and benefit."

The court submitted the question of plaintiff's right to recover; also, the defendant's right to recover on his cross-action; and the jury returned the following verdict: "We, the jury, decide in favor of the defendant, August Blumberg, on cross-action." Upon such verdict judgment was entered that plaintiff take nothing by his suit and that defendant recover of plaintiff $86.10.

It is only necessary to consider one question, namely, whether the court should have instructed the jury to return a verdict against defendant on his cross-action.

[1, 2] The parties to a bailment may substitute a special contract for the one implied by law. The bailee may be relieved of all liability or he may become an insurer, but his liability is not to be enlarged or restricted by words of doubtful meaning. The intent to vary the liability imposed by law must clearly appear. Hale on Bailments, p. 28. According to the weight of authority, an agreement by the bailee to return the bailment in good condition, or in as good condition as when received, ordinary wear and tear excepted, does not, in the absence of a stipulation to pay in case of nondelivery, in-

⌐⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

dicate an intention to enlarge the common-law liability of the bailee. Ruling Case Law vol. 3, § 30; note to Grady v. Schweinler, 14 L. R. A. (N. S.) 1091. We hold that the contract sued upon in this case did not constitute plaintiff an insurer of the mules. As the relation of bailor and bailee existed for the mutual benefit of the parties, it devolved upon the bailee to use ordinary care and diligence in the safeguarding of the bailor's property. The trial court took the view of the law above indicated as is shown by the charge, and it only remains to determine whether the evidence supports the verdict and judgment.

[3, 4] Defendant, speaking of the lease contract, testified:

"I was to furnish him the teams and furnish food for the teams, and he was to give me half of the corn and half of the cotton produced upon the land during the rental year. He obligated himself to take good care of the teams furnished him and at the expiration of the lease return the mules to me in as good condition as received, the natural wear and tear excepted."

The mule was kept by plaintiff in a certain inclosure owned by defendant fronting upon the river. Defendant testified that about the latter part of August, 1913, all of the grass had been eaten out of said inclosure, and one day he saw his mules in the lane on the public road, whereupon he demanded the return of the mules to him, but plaintiff declined to return them because under the lease contract he was entitled to their possession; that he then told plaintiff not to turn them in the lower inclosure, but to put them in another pasture owned by defendant which fronted on the river and extended to the house; that the defendant did not use the mules after they were turned over to plaintiff nor authorize any one else to do so. Plaintiff testified that he did not use this mule after he had finished his crop and that defendant was working it a short time before the flood; that he had not seen the mule since the flood. The witness Torres testified that defendant and his sons worked the mule before the flood, and that witness worked such mule for defendant after plaintiff had finished his crop. Another witness testified that the last time he saw the mule defendant's son was driving it to a wagon; this occurred a short time before the flood. The testimony in regard to defendant's son working the mule is uncontradicted. The evidence is undisputed that defendant kept some of his milk cows and a horse or two in the same inclosure in which plaintiff kept the mules. The evidence does not disclose whether the mule was drowned or stolen, or whether he escaped from the pasture and was lost; but defendant's pleading and testimony indicate his theory to be that the mule was drowned by a flood in the river. There are no facts tending to show that a reasonably prudent man would have anticipated such a result, or that the other stock in the pasture

was likewise destroyed, and the only fact relied upon to show negligence is that plaintiff failed to comply with defendant's request or demand to put the mules in another pasture. Such refusal did not show negligence, nor a breach of the contract, for it is neither alleged nor proven that under the contract defendant had any right to direct where the mule should be kept. Defendant wanted the mule moved because of scarcity of grass in the pasture; but as no contention is made that the mule starved to death, and defendant kept some of his stock in the pasture, it cannot be said that leaving the mule there constituted neglience which proximately caused his death.

[5] He would not be liable for any loss by thieves or for any taking from him or his servants by force. Ruling Case Law, § 23. Defendant used the inclosure for his own stock, and no facts are pleaded or proved which required plaintiff to keep up the fences, nor is there any evidence that they were not kept up. We conclude that the evidence fails to make out a case of negligence on the part of plaintiff proximately causing the death or loss of the mule.

The judgment of the trial court is reversed, and judgment rendered that appellant recover of appellee the sum of $63.10, with interest thereon from October 17, 1913, at the rate of 6 per cent. per annum, together with all costs of suit, and that appellee take nothing by reason of his cross-action against plaintiff.

## On Motion for Rehearing.

[6] After careful consideration, we conclude there is no merit in any of the contentions made in appellee's motion for rehearing, except the one to the effect that judgment should not have been rendered by this court, but the cause should be remanded if we adhered to our view that the evidence was insufficient to sustain the judgment of the court upon the cross-action. This would be done were it not for the fact that in further considering this case we have arrived at the conclusion that we should have sustained the first assignment of error, wherein complaint was made because the court overruled plaintiff's exception to defendant's cross-action, which exception was to the effect that it was attempted by the cross-action to set off against plaintiff's liquidated claim, which is founded in tort, an uncertain and unliquidated demand founded in tort, and which was not in any way connected with, incident to, or arising out of plaintiff's cause of action. Appellee contends that his cross-action was founded upon a demand connected with plaintiff's cause of action. His theory is that the $63.10, belonging to plaintiff, converted by him to his own use, was the proceeds of crops grown on the leased premises, and therefore he could offset his claim which arose from a

breach of the lease contract. But the pleadings do not disclose that the check cashed by defendant was given plaintiff for crops grown on the leased premises. Defendant merely alleges that plaintiff had $63.10 worth of cotton to which he was entitled by the rent contract and that defendant applied said sum to the payment of the debt due him for his mule. But, even if it had been alleged that the money converted by defendant to his own use was the proceeds of rent cotton, such fact would not show that defendant's crossaction was connected with or incident to plaintiff's cause of action. Plaintiff's cause of action is founded upon tort, and is not dependent upon the contract. Defendant contends that plaintiff could only recover upon the ground that he was appellee's tenant under a contract to receive one-half of what he made on appellee's land. This contention is erroneous. Plaintiff can recover by showing the conversion by defendant of the proceeds of a check belonging to plaintiff, and defendant can defeat the action to the extent of one-half by showing that one-half of the sum was justly due him by plaintiff. He then goes further and shows that he has an unliquidated claim for damages for tort which is connected with the contract he sets up to defeat plaintiff's suit to the extent of one-half, but is not connected with, arising out of, or incident to plaintiff's cause of action. The exception should have been sustained.

The former judgment of this court is set aside, and judgment entered as follows: That the judgment of the trial court is reversed, and judgment here rendered in favor of appellant against appellee for $63.10, with interest thereon from October 17, 1913, at the rate of 6 per cent. per annum, and all costs incurred in all of the courts, and dismissing appellee's cross-action without prejudice.