## RECONSTRUCTION FINANCE CORPORATION v. PETERSON BROS.

## PETERSON BROS. v. ARTHUR G. McKEE & CO. et al.

### No. 11750.

Circuit Court of Appeals, Fifth Circuit.
March 5, 1947.

Rehearing Denied April 7, 1947.

Austin Y. Bryan, Jr., of Houston, Tex., for appellant Reconstruction Finance Corporation.

Larry W. Morris, of Houston, Tex., for Peterson Brothers, appellee and appellant.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought against Defense Plant Corporation, Reconstruction Finance Corporation, as successor to its liabilities, Arthur G. McKee and Company, American Rolling Mill Company, and Sheffield Steel of Texas, the suit was for the value of a steam hoist which had been rented to the Defense Plant Corporation and destroyed by fire. The rental agreement, which was entirely written, contained the following provision:

"On the termination of the rental term of any item of the Equipment, Contractor will return the same in as good condition as when delivered at the job site, usual and ordinary wear and tear excepted."

The plaintiff claimed that this provision enlarged the common law obligation of the Defense Plant Corporation, as bailee, to use due care, and made it in effect an insurer. It made the additional claim that the loss by fire was caused by the bailee's negligence.

The defenses were: (1) That the contract did not enlarge, it merely made express, the implied common law obligations of the bailee; (2) a denial that the bailee was negligent; and (3) the defense of the two year statute of limitations of Texas.[1]

The case was tried to the court without a jury on a stipulation and on evidence, and the judge found that "the destruction of the machinery by fire was proximately caused by the negligence of Arthur G. McKee and Company, Agent for the Defense Plant Corporation, in negligently subjecting such machinery to unusual fire hazards without adequate or sufficient fire protection." He, therefore, concluded: (1) That Defense Plant Corporation became liable to plaintiff for the value of the machinery on April 2, 1943, the date the same was destroyed; and (2) that plaintiff's suit was, within the meaning of the four year statute of limitations,[2] upon the rental agreement and, therefore, was an action founded upon a contract in writing. He gave judgment for plaintiff against Reconstruction Finance Corporation for $4,000 with interest from the judgment date, and that plaintiff take nothing as against the other defendants, and defendant has appealed. Plaintiff, professing itself aggrieved at the take nothing judgment and the failure to award it interest from April 2, 1943, cross-appealed.

The appellant is here insisting that the judgment must be reversed because: (1) The written contract relied on did not enlarge Defense Plant's common law obligation as bailee; (2) there was no proof of negligence on its part proximately causing the loss by fire; and (3) if there was liability, the loss occurred on April 2, 1943, the suit was not brought until more than two years thereafter, and it is barred.

Appellee, as vigorously insisting that the contract imposed absolute liability for the safe return of the hoisting machine, and that if it did not, the finding, that the loss was caused by Defense Plant's negligence, is fully supported, urges that the judgment should be reformed by the allowance of interest, and, as reformed, affirmed.

We agree with appellant that the contract provisions relied on to enlarge Defense Plant's liability as bailee do not

[1] "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in Court of the following description:
"1. Actions of trespass for injury done to the estate or the property of another;
"2. Actions for detaining personal property of another, and for converting such property to one's own use;
"3. Actions for debt where the indebtedness is not evidenced by a contract in writing."

[2] "There shall be commenced and prosecuted, within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:
"1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing." Vernon's Ann. Civ.St.Tex. art. 5527, subd. 1.

have that effect and that its obligation under the contract was only to use due care. But we agree with appellee that the evidence .amply supports the district judge's finding that the hoist was destroyed by the negligence of Defense Plant Corporation, and that the four and not the two year statute is the applicable statute of limitations. Vernon's Ann.Civ.St.Tex. art. 5526. ·We agree with appellee, too, that it is entitled to interest from the date of the loss of the hoist, and that the judgment should be reformed to allow that interest and, as allowed, affirmed.

■ A great deal has been written on the subject of the enlargement by special contract of the common law liability of a bailee, and there is a difference of opinion as to what form of words will suffice. It will serve no useful purpose to discuss the authorities here. It is sufficient to say that while some cases have held that the use of language such as that relied on by appellant will enlarge the common law liability of bailee, the great weight of authority `is to the effect that such a clause merely sets expressly out what a common law bailment implies, and does not add anything to it. The authorities cited in the margin [3] show that this is the rule, not only in Texas but generally. If, therefore, the judgment had been predicated not upon appellant's negligence but upon its absolute liability, it would have to be reversed. Based, as it was, upon negligence, however, the burden upon appellant to overthrow it is, under this record, a heavy one. The evidence that the hoist was being operated under hazardous conditions and that no provision was made to provide against them or their consequences was very strong, as was the evidence that the negligence thus evidenced was the negligence of Defense Plant Corporation through its agent, McKee. We need not set the record out. It is sufficient to say of it that while it is true that there was no direct evidence that the fire was caused by flying hot rivets, there was an abundance of circumstantial evidence [4] that this was its cause. Nor was there any evidence which effectively disputed that offered by appellee that defendant made no provision for protection against the fire hazards patently existing, though efficient and adequate provisions could have been made.

■■ On the issue of limitation, appellant and appellee argue with great vehemence. We think there is little basis for argument. It is settled law in Texas that the action for debt with which the four year statute deals is a much broader action than the technical common law action of debt. As construed by our courts, it covers many kinds of obligation so that it is the rule and not the exception that actions in Texas for money judgments are, generally speaking, actions for debt, and that the two year statute, where there is no writing, and the four year statute, where the action is founded on or evidenced by a contract in writing, apply to them. It is also true that Texas courts have given a very liberal construction to the words "evidenced by or founded upon any contract in writing," and where a written contract furnishes the spring or basis of, as distinguished from the mere occasion for, the suit, the applicable limitation is the four year statute. Thus suits for damages arising out of contracts of carriage, whether brought in tort or expressly on the contract, are held to be suits arising out of, or founded on, a contract in writing and barred only by the four year statute.[5]

■ We need not, though, determine whether the four year statute would apply here if the suit were merely on the implied obligation of a bailee to exercise due care in respect of property bailed. The suit here is directly on the contract which in terms obligates the bailee to return the property and in law obligates him to do so unless he has a defense to the suit. Such

---

[3] 5 Tex.Jur.Bailments,. Sec. 15, 16 and 17; 6 Am.Jur.Bailments, Sec. 180, 181, 182; Cleaver v. Drake-Brannum Const. Co., Tex.Civ.App., 105 S.W. 206; 150 A.L.R., 269 note.

[4] Texas & P. Ry. Co. v. Brandon, Tex. Civ.App., 183 S.W.2d 212; Moose v. Missouri, K. & T. Ry. Co., Tex.Com.App., 212 S.W. 645; 22 Am.Jur., p. 653, Sec. 87.

[5] Elder, Dempster & Co. v. St. Louis Southwestern Ry. Co., 105 Tex. 628, 154 S.W. 975.

a defense under the contract would be the destruction of the hoist by fire or theft or otherwise without the bailee's negligence. No such defense having been made out, he became liable on April 2, when the property was destroyed, to return it, and for breach of his obligation to return, he is liable for its value. The judgment will be reformed by adding to it interest from April 2, 1943, and, as reformed, it will be affirmed.

Reformed and affirmed.