McKENZIE EQUIPMENT, INC. d/b/a McKenzie Equipment Company, Appellant,

v.

HESS OIL & CHEMICAL CORPORATION, Appellee.

No. 278.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 8, 1969.

Rehearing Denied Nov. 19, 1969.

Eugene J. Pitman, DeLange, Hudspeth, Pitman & Katz, Houston, for appellant.

Knox D. Nunnally, Vinson, Elkins, Weems & Searls, Houston, for appellee.

BARRON, Justice.

This is an appeal by plaintiff below, McKenzie Equipment, Inc., from an adverse judgment of the District Court of Harris County, Texas, in a suit for property damages brought against Hess Oil & Chemical Corporation, bailee of an air-compressor rented from McKenzie Equipment, Inc. The cause was tried before a jury and submitted upon special issues on a negligence theory. Appellant timely objected to such submission and contended that the liability of the bailee-appellee was governed by written contract. The trial court overruled appellant's motion to disregard special issues and for judgment favorable to appellant, and a take nothing judgment was entered in favor of appellee, Hess Oil & Chemical Corporation, on the jury's verdict. Appeal has been duly perfected by McKenzie.

Appellant contends that the trial court erred in overruling its motion to disregard all findings of the jury with the exception of the damage issue, and in overruling its motion for judgment in favor of appellant for the amount of damages found by the jury, plus attorney's fees.

The question presented here is a narrow one. The general rule is that a bailee is not liable to a bailor for loss or damage to the bailed property unless the loss was caused by the negligence or misconduct of the bailee. Appellant's only contention on this appeal is that the common law standard of ordinary care has been altered in the instant case by a special bailment contract which substituted a standard of care higher than that implied by law.

Appellant rented or leased an air compressor to appellee pursuant to a rental agreement in writing. Appellant expressly pleaded this contract as a basis for recovery, and the existence of such agreement was not denied by appellee. On the back of the agreement, dated June 15, 1966, was the following:

"The Lessee of listed rental equipment agrees:

"To accept full responsibility and liability for any and all damages to listed equipment due to improper operation, maintenance, and/or lubrication, freezing, fire, theft, windstorm, hailstorm, flood, riot, insurrection, strike, explosion, collision, upset, damages while being transported, loaded, or unloaded, or for any causes whatsoever other than ordinary wear and tear.

"To return all equipment and accessories to McKenzie Equipment Co.—Rental Div. warehouse in as good condition as when received, ordinary wear and tear excepted.

"To pay for repairs or replacements of all parts damaged by misuse, or for all other extraordinary damage done."

The jury found all issues of negligence proximately causing the damage in favor of appellee and further found that the fire made the basis of the lawsuit was the result of an unavoidable accident.

It is uncontroverted that the equipment was damaged by fire inside the compressor while being used by appellee, and that such damage would not result from ordinary wear and tear. The compressor was repaired by appellant at a cost of $1,500.00.

Both parties concede that a bailee may, by special contract, enlarge his responsibility to that of an insurer and become absolutely liable to a bailor for any loss or injury whatsoever to bailed property. But

liability is not to be enlarged or restricted by words of doubtful meaning, and the intent to vary the liability imposed by law must clearly appear. Sanchez v. Blumberg, 176 S.W. 904, 905 (Tex.Civ.App.), no writ hist.; Cleaver v. Drake-Brannum Const. Co., 195 S.W. 206 (Tex.Civ.App.), no writ hist.; Hanover Fire Insurance Co. v. Bock Jewelry Co., 435 S.W.2d 909, 917–918 (Tex.Civ.App.), writ ref. n. r. e., and cases cited; 8 Tex.Jur.2d, Sec. 39, p. 256.

While the question is extremely close, we conclude that the language of the written contract above set out merely expresses what a common law bailment implies, and fails to add anything of substance to it. In Reconstruction Finance Corporation v. Peterson Bros., 160 F.2d 124 (5th Cir. 1947), the Court ruled on a machinery lease provision which stated: "* * * Contractor will return the same in as good condition as when delivered at the job site, usual and ordinary wear and tear excepted." The Court held that the term did not enlarge the bailee's common law liability to use due care, and it wrote at p. 126 as follows:

"It is sufficient to say that while some cases have held that the use of language such as that relied on by appellant will enlarge the common law liability of bailee, the great weight of authority is to the effect that such a clause merely sets expressly out what a common law bailment implies, and does not add anything to it. The authorities cited in the margin show that this is the rule not only in Texas but generally. If, therefore, the judgment had been predicated not upon appellant's negligence but upon its absolute liability, it would have to be reversed."

We believe the provisions of the contract shown above may be read in at least two ways. Appellee agreed to "accept full responsibility and liability for any and all damages to listed equipment due to * * fire * * *." We do not believe the words imply *absolute* liability and responsibility, but that they imply "full responsibil-

ity and liability" *under the law,* which is the exercise by bailee of ordinary care for the property. Of course, the provision possibly may be read to mean full, unqualified and absolute responsibility and liability, but the language of the agreement is, in our opinion, far from the clarity and certainty required to alter the established common law rule in such cases. Sanchez v. Blumberg, supra; Hanover Fire Insurance Co. v. Bock Jewelry Co., supra, 435 S.W.2d at p. 917. It would have been a simple matter for the contract to have stated that the common law rule was altered to increase liability on the part of bailee, or for the bailee to be an *absolute* insurer of the property.

The contract further provides for payment by bailee for repairs or replacements of all parts *damaged by misuse.* There is no finding or implied finding of any type of misuse of the equipment by appellee.

The trial court having applied the common law rule concerning the liability of a mutual benefit bailee under the circumstances above, and the jury having found in favor of appellee on the issues submitted, we affirm the judgment of the trial court.

Affirmed.