McKENZIE EQUIPMENT CO., Inc., dba
McKenzie Equipment Co., Petitioner,

v.

HESS OIL & CHEMICAL CORPORATION,
Respondent.

No. B–1899.

Supreme Court of Texas.

March 11, 1970.

DeLange, Hudspeth, Pitman & Katz, Eugene J. Pitman, Houston, for petitioner.

Vinson, Elkins, Searls & Connally, Knox D. Nunnally, Houston, for respondent.

REAVLEY, Justice.

This case turns on a lease contract and whether its terms enlarge the lessee's liability beyond that of the common law standard. McKenzie Equipment Co., Inc., the owner and lessor, sued Hess Oil & Chemical Corporation, the lessee, for fire damage to an air compressor. Following a jury verdict absolving it of negligent causation, Hess obtained a favorable judgment in the trial court. The court of civil appeals affirmed. 446 S.W.2d 903, 905. We reverse that judgment, hold that Hess is liable under the terms of the lease for the fire damage even though it was a result of an unavoidable accident, and render judgment here for McKenzie.

The common law liability of a bailee to a bailor for loss or damage to the bailed property is limited to the consequence of the bailee's fault or negligence. This liability may be enlarged to place a greater risk upon the bailee by agreement of the parties.

McKenzie and Hess agreed, by written contract, as follows:

"The Lessee of listed rental equipment agrees:

"To accept full responsibility and liability for any and all damages to listed equipment due to improper operation, maintenance, and/or lubrication, freezing, fire, theft, windstorm, hailstorm, flood, riot, insurrection, strike, explosion, collision, upset, damages while being transported, loaded, or unloaded, or for any causes whatsoever other than ordinary wear and tear.

"To return all equipment and accessories to McKenzie Equipment Co.—

Rental Div. warehouse in as good condition as when received, ordinary wear and tear excepted.

"To pay for repairs or replacements of all parts damaged by misuse, or for all other extraordinary damage done."

■ Courts have been reluctant to construe lease contracts as enlarging the lessee's liability unless that intent clearly appears in the wording of the agreement. Sanchez v. Blumberg, 176 S.W. 904 (Tex. Civ.App.1915, no writ). However, the force of precedent does not require the use of any particular words of absolute liability. United States of America v. Seaboard Machinery Corporation, 270 F.2d 817 (5th Cir. 1959), cert. denied, 362 U.S. 941, 80 S.Ct. 806, 4 L.Ed.2d 770 (1960); 8 Am. Jur.2d, Bailments, Sec. 137. We are free to follow the meaning of the words of this contract, which state that Hess accepts "full responsibility and liability for any and all damages * * * due to * * * fire * * * or for any causes whatsoever other than ordinary wear and tear."

It is true that the courts have usually construed a promise by the bailee to return the property in as good condition as when received as not enlarging the common law liability and as not putting the loss on the bailee upon his failure to return for whatever cause, even though that would be the effect of the words if taken literally. Reconstruction Finance Corporation v. Peterson Bros., 160 F.2d 124 (5th Cir. 1947); Cleaver v. Drake-Brannum Construction Co., 195 S.W. 206 (Tex.Civ.App.1917, no writ); Anno: Bailee's Express Agreement to Return Property, or to Return it in a Specified Condition, as Enlarging His Common-Law Liability, 150 A.L.R. 269. This construction can be justified on the assumption that the parties do not contemplate unavoidable loss or destruction but only normal use and return by the bailee. However, the agreement now under examination does deal with eventualities over which the lessee would have no control and for which it could not be blamed. The parties did contemplate such losses and agreed at the outset of their contract that "full responsibility and liability" would fall upon the lessee.

Hess argues that the construction we give to the contract would be inconsistent with the provision therein obligating lessee to pay for repairs or replacement of parts "damaged by misuse." Why, it is asked, did the contract provide that lessee was liable for the consequences of misuse—a common law standard—if he was an insurer? The answer is that Hess was not responsible or liable for all depreciation or wear on the compressor. Hess was not required to repair or replace deterioration due to ordinary operation. It is understandable that McKenzie would expressly provide that the ordinary wear and tear exception did not extend to deterioration caused by misuse, improper operation or maintenance.

The judgments below are reversed; judgment is rendered here for Petitioner McKenzie Equipment Co., Inc. against Respondent Hess Oil & Chemical Corporation in the amount of $1,725.00 with interest beginning on March 31, 1969.