Opinion issued May 8, 2003








 
In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00620-CV
____________

HORACIO BARRIOS, Appellant

V.

ENTERPRISE LEASING COMPANY OF HOUSTON, Appellee




On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 702,379




CONCURRING OPINION

          I agree with the majority opinion that the only summary judgment evidence
before this court is the rental contract and business records affidavit and that the only
question presented is whether the contract conclusively establishes Barrios’s liability
as a matter of law for the theft of the vehicle. I also agree that the provisions of the
contract do not establish Barrios’s liability as a matter of law.
          The operative contract provision in question simply obligates Barrios to return
the vehicle in the same condition as received “ordinary wear and tear excepted.” This
provision, standing alone, would not make Barrios liable against the theft of the
vehicle unless the loss was due to his negligence or lack of diligence. Sanchez v.
Blumburg, 176 S.W. 904, 905 (Tex. Civ. App.—San Antonio 1915, no writ) (holding
that bailee’s agreement to return bailed property in as good a condition as when
received, ordinary wear and tear excepted, does not make bailee insurer of vehicle).
          Therefore, the only question presented by the summary judgment record is
whether the subsequent provision in the contract (quoted in both the majority and
dissenting opinions) conclusively enlarges Barrios’s liability as a matter of law. I
agree with the majority that it does not.
          Courts are generally reluctant to enlarge a bailee’s common law liability unless
the parties have evidenced their clear intent to do so. McKenzie v. Hess Oil & Chem.
Corp., 451 S.W.2d 230 (Tex. 1970); Hanover Fire Ins. Co. v. Bock Jewelry Co., 435
S.W.2d 909, 917 (Tex. Civ. App.—Dallas 1968, writ ref. n.r.e.) (holding that
agreement to be liable as an insurer must be expressly and explicitly set forth). When
the parties’ intent, as gleaned from the language of the contract, is doubtful or
uncertain, the courts generally have refused to enlarge a bailee’s common law
liability. Sanchez, 176 S.W. at 905.
          In my opinion, the language of the rental contract does not clearly advise the
renter that he will be liable for the full market value of the vehicle in the event it is
stolen through no fault of his own. Accordingly, I join in the majority holding that
the trial court erred in rendering summary judgment.
 
                                                                        Frank Evans.



                                                                        Justice


Panel consists of Justices Hedges, Keyes, and Evans.
 
En banc consideration was requested. Tex. R. App. P. 41.2(c).
 
A majority of the Court voted to grant en banc consideration.
 
The en banc Court consists of Chief Justice Radack and Justices Hedges, Taft,
Nuchia, Jennings, Keyes, Alcala, Hanks, Higley, and Evans.
 
Justice Keyes, writing for the majority of the en banc Court, joined by Justices
Taft, Alcala, Higley, and Hanks.
 
Justice Evans, concurring.
 
Justice Hedges, dissenting, joined by Chief Justice Radack and Justices Nuchia
and Jennings.
 
Justice Jennings, dissenting.