Horacio **BARRIOS**, Appellant,

v.

**ENTERPRISE LEASING COMPANY OF HOUSTON**, Appellee.

No. 01–01–00620–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 8, 2003.

Rehearing Overruled July 11, 2003.

Don D. Becker, Carroll & Becker, Houston, TX, for Appellant.

Daniel Joseph Fay, Law Offices of Daniel Joseph Fay, Houston, TX, for Appellee.

Panel consists of Justices HEDGES, KEYES and EVANS.*

## EN BANC OPINION

EVELYN V. KEYES, Justice.

Appellee, Enterprise Leasing of Houston (Enterprise), sued appellant, Horacio Barrios, for breach of contract. The trial court rendered a partial summary judgment for Enterprise on the issue of liability. The issues of attorney's fees and damages were then presented to the court. The partial summary judgment later became final when the trial court rendered a final judgment, awarding Enterprise $24,579 in damages, $1,500 in attorney's fees, pre-judgment and postjudgment interest, and court costs. Barrios appeals

the rendition of summary judgment. We reverse.

## Background

On April 23, 1998, Barrios rented a car from Enterprise by executing a written vehicle rental contract. During the rental term, the car was stolen. Both parties acknowledge that the automobile was stolen while in Barrios's possession, but there is neither pleading nor proof that the loss was due to Barrios's misconduct or lack of diligence. After Barrios refused to reimburse or otherwise compensate Enterprise for the theft of the car, Enterprise sued him for breach of contract.

Enterprise filed a motion for summary judgment on the issue of liability, with the rental contract attached to the motion. In its motion, Enterprise argued that the undisputed facts showed that: (1) Barrios rented the car; (2) the car was stolen; (3) the rental contract specified that the vehicle would be returned in the same condition it was in when it was rented; (4) the rental contract specified that the renter was liable for all damage or loss of the vehicle; and (5) Barrios refused to reimburse Enterprise for the value of the stolen car. Barrios did not dispute that he executed the rental contract, nor did he object to its authenticity. Barrios initialed the boxes where it stated that he "accepts damage responsibility" and "declines personal accident insurance." He also acknowledged in writing that he had read and agreed to the terms and conditions of the contract. The contract stated that Barrios "agrees to return car to [Enterprise] in the same condition as received . . . ordinary wear and tear accepted [sic]."

---

* The Honorable Frank Evans, retired Chief Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

In his response to the motion for summary judgment, Barrios argued that an Enterprise employee had told him that his personal insurance policy would cover any loss to the car, thus he did not purchase any additional insurance from Enterprise because Barrios contends that he relied on the employee's representations; otherwise, he would have bought additional insurance.

## Issues

In his sole point of error, Barrios contends that the trial court erred in rendering summary judgment because: (1) Enterprise's motion was not supported by competent summary judgment evidence because Barrios's responses to Enterprise's request for admissions were not attached to the summary judgment motion or included in the clerk's record on appeal, and (2) the evidence created a genuine issue of material fact.

### *Incomplete Record*

We first address Barrios's complaints about the record, in which he argues that Enterprise did not attach an exhibit to its motion for summary judgment. Rule 166a(c) provides that summary judgment shall be rendered on evidence on file at the time of hearing or filed thereafter and before judgment with permission of the court. Tex.R. Civ. P. 166a(c); *see also Gandara v. Novasad,* 752 S.W.2d 740, 743 (Tex.App.-Corpus Christi 1988, no writ).

In its motion for summary judgment, Enterprise attached an affidavit from its attorney, which stated, "Attached is a true and correct copy of the responses [to requests for admissions] filed by Mr. Barrios' attorney admitting the essential elements of the Motion." The admissions, however, were not attached to Enterprise's motion for summary judgment. In its brief, Enterprise "cannot explain why" the admissions were "not attached to the

clerk's record but appear in the court's file."

After reviewing the clerk's record, we conclude that the admissions are not attached as an exhibit to Enterprise's motion for summary judgment. We note, however, that Barrios did not object. Nor did he raise this issue to the trial court in his response to the motion. Notwithstanding the state of the record, Enterprise asserts that its motion for summary judgment is sufficient without the admissions. Accordingly, we will consider whether Enterprise's motion was supported by competent summary judgment evidence based solely on the rental contract and business records affidavit from the custodian authenticating the document.

### *Summary Judgment*

Enterprise moved for summary judgment based on the terms of the rental contract, which it contends provide in part that the renter agrees to pay the owner the retail value of replacing the rental car regardless of fault or negligence. In the affidavit he attached to his response to Enterprise's motion for summary judgment, Barrios states:

I was informed by the Enterprise employee that the policy of insurance that I showed him would cover any loss to the vehicle. Therefore, I did not purchase additional insurance from Enterprise, based upon the representations of the Enterprise employee. If I had known that the Enterprise employee had told me incorrectly about the coverage afforded by my automobile insurance policy, I would have purchased additional insurance.

Enterprise argues that, because the collision damage waiver does not apply if the rental car is stolen, Barrios's reliance on this assurance is immaterial. In other words, Enterprise contends that, even if

Barrios had purchased the collision damage waiver, this would not have shielded him from liability for the full replacement value of the car. Although this contention may be true, it is a red herring in the context of this case. The narrow issue before us is whether the contract terms conclusively establish Barrios's liability as a matter of law for the theft of the leased vehicle. The determination of this question requires a legal interpretation of the terms of the rental contract.

### Standard of Review

■ Summary judgment is a harsh remedy, one not favored by the courts. *See Chadderdon v. Blaschke*, 988 S.W.2d 387, 388 (Tex.App.-Houston [1st Dist.] 1999, no pet.). Under the standard of review for a traditional summary judgment, the moving party has the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *M.D. Anderson Hosp. and Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000). In determining whether a disputed material fact issue precludes summary judgment, the court must take evidence favorable to the non-movant as true and indulge every reasonable inference in favor of the non-movant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ A plaintiff moving for summary judgment on its claim must establish its right to summary judgment on the issues expressly presented to the trial court by conclusively proving all the elements of its cause of action as a matter of law. *Rhone–Poulenc v. Steel*, 997 S.W.2d 217, 221 (Tex.1999). Even in the absence of a response by the non-movant, we may consider whether the proof is insufficient to establish as a matter of law the specific grounds for summary judgment relied on by the movant. *Fantastic Homes, Inc. v. Combs*, 596 S.W.2d 502, 502 (Tex.1979).

Because the rendition of summary judgment is a question of law, we review the trial court's decision de novo. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994).

### The Contract Terms

Enterprise contends that Barrios breached his promise under the rental contract to pay not only for the cost of renting the car and for damage or loss to the car, but also for loss of the full retail value of the car if stolen through no fault or negligence of his own. The question before us, therefore, is whether the summary judgment proof established that Enterprise is entitled as a matter of law to recover for breach of contract. *See General Elec. Supply Co. v. Gulf Electroquip, Inc.*, 857 S.W.2d 591, 602 (Tex.App.-Houston [1st Dist.] 1993, no writ).

■ The essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex.App.-Houston [1st Dist.] 2001, no pet.). Breach of a promise to pay is a breach of contract. *See Sims v. Falvey*, 234 S.W.2d 465, 471 (Tex.Civ.App.-Beaumont 1950, writ ref'd n.r.e.); *Rountree Motor Co. v. Smith Motor Co.*, 109 S.W.2d 296, 298 (Tex.Civ.App.-Beaumont 1937, writ dism'd).

To establish its right to recover the value of the stolen car from Barrios without a trial, Enterprise had to establish as a matter of law that (1) Barrios rented the car; (2) under the terms of the rental contract, Barrios promised to return the car or pay Enterprise the retail value of the car in the event it was stolen through no fault or

negligence of his own; (3) the car was stolen, and Barrios, therefore, did not return it, nor did he pay Enterprise its retail value; and (4) Enterprise suffered the loss of the value of the car. We are persuaded that the contract itself does not establish as a matter of law that Barrios promised to pay Enterprise the retail value of the rental car in the event it was stolen without fault or negligence on his part.

 We look to the contract to determine its terms. If a written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). A contract, however, is ambiguous when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning. *Id.* Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered. *Id.* at 394. When a contract contains an ambiguity, the granting of a motion for summary judgment is improper because the interpretation of the instrument becomes a fact issue. *Id.; Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex.1979); *Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 324 (Tex.App.-Houston [1st Dist.] 1995, no writ).

To establish Barrios's liability, Enterprise relies on a provision on the reverse side of the first page of the rental contract that provides:

RENTER EXPRESSLY AGREES TO PAY TO OWNER ON DEMAND:

* * *

(I) Damage to rented car if Damage Waiver is not purchased or does not apply.

DAMAGE TO RENTED CAR: Renter is responsible for and agrees to pay to Owner the retail value of replacing and/or repairing all losses and damages to the rented car including "loss of use" during the period it is unavailable for rental use as measured by reasonable rental value of renting a replacement car, regardless of fault or negligence by the Renter or any person, and regardless if damages are a result of an act of God. Owner offers and renter agrees to pay an additional fee for DAMAGE WAIVER. . . . Renter's insurance is primary. Damage Waiver does not apply if the car is stolen. . . .

Enterprise argues that this provision establishes Barrios's liability as a matter of law, and the trial court evidently agreed. We do not.

 We are troubled by what we perceive to be a lack of clear disclosure in the rental car contract. The provision relied on by Enterprise to establish Barrios's liability raises an obvious question: Does this provision, read in its entirety, impose liability on Barrios, regardless of fault, for loss of a stolen vehicle? The title of the provision is *"Damage to* Rented Car," not *"Loss of* Rented Car"; and all references in the provision are, correspondingly, to loss or damage *to* the rental car. Moreover, after specifically providing that the renter agrees to pay Enterprise "the retail value of replacing and/or repairing all losses and damages *to* the rented car," the provision continues, "including 'loss of use' during the period it is unavailable for rental use *as measured by reasonable rental value of renting a replacement car."* (Emphasis added.) A natural reading of the language of the provision is that the general terms "loss or damage" are limited to loss or damage "to" the car, which is compensable by paying the retail value of replacement or loss to it, including the loss of rent while the car is out of service. Nowhere does the "Damage to Rented

Car" provision (or any other provision in the contract) expressly state that the renter promises to pay the retail replacement value of the car itself if it is stolen.

 Although the dissent relies upon the statutory language in article 9026, section 3 of the Texas Civil Statutes [1] which defines "damage" to a rental car as including theft, that statute was not included in the evidence before the trial court at the time it rendered its summary judgment; Enterprise relied solely upon the contract itself. We see nothing within the four corners of the contract that conveys to the renter his obligation to reimburse Enterprise for the value of a stolen car. We find, therefore, that the "Damage to Rented Car" provision in the rental contract is ambiguous as to whether it expresses a promise by the renter to pay Enterprise the retail value of a rented vehicle that is stolen through no fault or negligence of his own.[2]

We also observe that nowhere else in the rental contract does it state that a renter must pay Enterprise the full retail value of a rented vehicle that is stolen. Rather, the notice on the face of the contract in a box with large type provides in part, "TEXAS PERSONAL AUTO POLICIES COVER LEGAL LIABILITIES FOR LOSS OR DAMAGE, EXCEPT INTENTIONAL, TO RENTED VEHICLES." A natural reading of this paragraph, coupled with Barrios's assertion that he was verbally assured by the Enterprise agent that his automobile policy would cover any losses, can reasonably be interpreted as reassurance to a renter that he is insured against legal liability for unintentional loss or damage to the vehicle, including loss of the vehicle, without the necessity of buying additional insurance.

Finally, we observe that the assumption that a renter would understand he is undertaking the responsibility of replacing the car if it is stolen is not one that reasonably should be imputed to most consumers, who cannot be expected to interpret contract terms in a sophisticated manner and who, in the process of renting a car, cannot reasonably consult an attorney. *See generally Hidalgo v. Sur. Sav. and Loan Ass'n,* 502 S.W.2d 220, 224 (Tex.Civ. App.-El Paso 1973, no writ) (observing that it is not too far fetched to suggest consumers seldom understand the character of the instrument they are signing).

We hold that the terms of the rental contract here are ambiguous; accordingly, we hold that summary judgment was not proper. *See Coker,* 650 S.W.2d at 393; *Harris,* 593 S.W.2d at 306. We sustain appellant's point of error.

We reverse the trial court's judgment and remand the cause.

En banc consideration was requested.

A majority of the Court voted to grant en banc consideration.

The en banc Court consists of Chief Justice RADACK and Justices HEDGES, TAFT, NUCHIA, JENNINGS, KEYES, ALCALA, HANKS, HIGLEY, and EVANS.

---

1. Tex.Rev.Civ. Stat. Ann. art. 9026c, § 3(4) (Vernon Supp.2003).

2. When a contract is ambiguous, the rules of contract construction require that general terms be construed as controlled by specific language dealing with the same subject. *Hussong,* 896 S.W.2d at 325; *see also Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132, 133–34 (Tex.1994). Moreover, an ambiguous contract is construed strictly against the author, so as to reach a reasonable result consistent with the intent of the parties. *GTE Mobilnet of S. Tex. Ltd. P'ship v. Telecell Cellular, Inc.,* 955 S.W.2d 286, 290 (Tex.App.-Houston [1st Dist.] 1997, pet. denied).

Justice KEYES, writing for the majority of the en banc Court, joined by Justices TAFT, ALCALA, HIGLEY, and HANKS.

Justice EVANS, concurring.

Justice HEDGES, dissenting, joined by Chief Justice RADACK and Justices NUCHIA and JENNINGS.

Justice JENNINGS, dissenting.

FRANK EVANS, Justice (Retired), concurring.

I agree with the majority opinion that the only summary judgment evidence before this court is the rental contract and business records affidavit and that the only question presented is whether the contract conclusively establishes Barrios's liability as a matter of law for the theft of the vehicle. I also agree that the provisions of the contract do not establish Barrios's liability as a matter of law.

The operative contract provision in question simply obligates Barrios to return the vehicle in the same condition as received "ordinary wear and tear excepted." This provision, standing alone, would not make Barrios liable against the theft of the vehicle unless the loss was due to his negligence or lack of diligence. *Sanchez v. Blumberg*, 176 S.W. 904, 905 (Tex.Civ. App.-San Antonio 1915, no writ) (holding that bailee's agreement to return bailed property in as good a condition as when received, ordinary wear and tear excepted, does not make bailee insurer of vehicle).

Therefore, the only question presented by the summary judgment record is whether the subsequent provision in the contract (quoted in both the majority and dissenting opinions) conclusively enlarges Barrios's liability as a matter of law. I agree with the majority that it does not.

Courts are generally reluctant to enlarge a bailee's common law liability unless the parties have evidenced their clear intent to do so. *McKenzie v. Hess Oil & Chem. Corp.*, 451 S.W.2d 230 (Tex.1970); *Hanover Fire Ins. Co. v. Bock Jewelry Co.*, 435 S.W.2d 909, 917 (Tex.Civ.App.-Dallas 1968, writ ref. n.r.e.) (holding that agreement to be liable as an insurer must be expressly and explicitly set forth). When the parties' intent, as gleaned from the language of the contract, is doubtful or uncertain, the courts generally have refused to enlarge a bailee's common law liability. *Sanchez*, 176 S.W. at 905.

In my opinion, the language of the rental contract does not clearly advise the renter that he will be liable for the full market value of the vehicle in the event it is stolen through no fault of his own. Accordingly, I join in the majority holding that the trial court erred in rendering summary judgment.

ADELE HEDGES, Justice, dissenting.

I respectfully dissent. The contract stated that Barrios "agrees to return car to [Enterprise] in the same condition as received ... ordinary wear and tear accepted [sic]." The back of the contract stated as follows:

RENTER EXPRESSLY AGREES TO PAY TO OWNER ON DEMAND:

* * *

(I) Damage to rented car if Damage Waiver is not purchased or does not apply.

DAMAGE TO RENTED CAR: *Renter is responsible for and agrees to pay* to Owner the retail value of replacing and/or repairing *all* losses and *damages* to the rented car including "loss of use" during the period it is unavailable for rental use as measured by reasonable rental value of renting a replacement car, *regardless of fault or negligence* by the Renter or any person, and regardless if damages are a result of an act of God. Owner offers and renter agrees to pay an additional fee for DAMAGE

WAIVER.... Renter's insurance is primary. Damage Waiver does not apply if the car is stolen....

(Emphasis added.)

The majority dismisses the statute defining "Damage" in the context of a rental car agreement. At the time the contract was signed, Texas Civil Statute Article 9026, Section 3, provided as follows:

> (4) "Damage" means any damage or loss to a rented vehicle, *including theft* or loss of use and any cost and expense incident to that damage or loss *regardless of any negligence that might be involved in the damage* or loss.

TEX.REV.CIV. STAT. ANN. art. 9026, § 3(4).[1] Therefore, under the contract, Barrios "expressly agrees to pay" Enterprise the "Damage to rented Car," which is defined under the statute to include theft, regardless of any negligence.

Barrios contends that his summary judgment evidence, which included his affidavit and his personal automobile insurance policy, established that any loss was not his fault. In his affidavit, Barrios explained that he "did not intentionally damage or lose or have stolen the vehicle" and that he had a valid Texas personal automobile insurance policy during the rental period. He contends that an unnamed Enterprise employee told him that his personal automobile insurance policy would cover any loss. He argues that he relied on the employee's verbal misrepresentations; otherwise, he would have purchased additional insurance. However, Barrios's general denial asserted no affirmative defenses, such as estoppel, fraud, fraud in the inducement, or avoidance. Because he did not plead these affirmative defenses, Barrios has waived these issues. *See* TEX.R. CIV. P. 94.

The majority states that the Enterprise agent's verbal assurance "can reasonably be interpreted as reassurance to a renter that he is insured against legal liability for unintentional loss or damage to the vehicle, including loss of the vehicle, without the necessity of buying additional insurance." I disagree. The rental contract states, "Texas Personal Auto Policies Cover Legal Liabilities for Loss or Damage, Except Intentional, to Rented Vehicles." There is no evidence in the record to show that Barrios's personal automobile insurance policy contained the type of comprehensive coverage necessary to reimburse Barrios in the event the car was stolen.

The contract additionally stated, "Purchase of Optional Damage Waiver Which Is Not Insurance May Not Be Necessary or Mandatory." For an additional fee, Enterprise offered an optional "damage waiver" which would relieve the renter of any deductible on the renter's policy and an additional amount. However, the contract stated that the damage waiver "does not apply if the car is stolen." Because the car was stolen, therefore, the collision damage waiver would not have given Barrios any additional protection or exclusion from the terms of the contract.

I would hold that the trial court did not err in rendering summary judgment for Enterprise. Accordingly, I would affirm the judgment of the trial court.

TERRY JENNINGS, Justice, dissenting.

I respectfully dissent. "All losses" means *all* losses.

---

1. *Repealed by* Act of June 18, 1999, 76th Leg., R.S., ch. 1046, § 2, 1999 Tex. Gen. Laws 3859, 3861 (current version at TEX.REV.CIV. STAT. ANN. art. 9026c, § 1(4) (Vernon Supp. 2003)). The rental agreement was signed on April 23, 1998. Since then, the statute was amended; however, the definition of "Damage" did not materially change.