**Opinion issued November 21, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00352-CV

———————————

### ENARUNA OGBEIDE, Appellant

### V.

### LAURA LIMBRICK AND THE ATTORNEY GENERAL OF THE STATE OF TEXAS, Appellees

On Appeal from the 387th Judicial District Court
Fort Bend County, Texas
Trial Court Case No. 11-DCV-187093

## MEMORANDUM OPINION

Appellant, Enaruna Ogbeide, challenges the trial court's entry of a default judgment in favor of appellees, Laura Limbrick and the Attorney General of the State of Texas, in their suit against him affecting his parent-child relationship. In

five issues, Ogbeide contends that the trial court erred in not granting a rehearing or a new trial, awarding retroactive child support and pre- and post-natal expenses, and not making findings of fact and conclusions of law.

We affirm.

## Background

The Attorney General's office filed its "Original Petition In Suit Affecting the Parent-Child Relationship" on January 11, 2011, asking the trial court to "appoint appropriate conservators" and "order appropriate current and retroactive child and medical support" for the child of Limbrick and Ogbeide. Ogbeide filed an answer, in which he generally denied "the allegations in the Original Petition." Limbrick filed an "Original Answer and Counterpetition," asserting that it is "in the best interest of the child" that she be appointed sole managing conservator of the child. She further asked the trial court to order Ogbeide to pay current and retroactive child support and for pre- and post-natal care of herself and the child.

On November 16, 2011, the trial court held a hearing before Associate Judge Walter Williams. On January 5, 2012, the trial court entered a default order, stating that Ogbeide "was duly notified of trial" but "failed to appear and defaulted." The trial court appointed Limbrick to be the child's sole managing conservator and appointed Ogbeide to be the child's possessory conservator. The trial court also ordered Ogbeide to pay Limbrick $1,414 per month in current child

2

support, $9,848 in retroactive child support, $1,804.50 in retroactive health-insurance reimbursement, and $96,155.70 for pre- and post-natal care reimbursement.

On January 20, 2012, Ogbeide filed a motion for new trial, asking Presiding Judge Robert J. Kern to grant a new trial in the case. He also asserted that his "failure to appear was not intentional" and he could raise "meritorious defenses to several of the contested issues." The trial court's docket sheet reflects that on February 9, 2012, the trial court held a hearing on Ogbeide's motion for new trial and denied the motion. On February 22, 2012, Ogbeide filed a request for findings of fact and conclusions of law.

### Standard of Review

In determining issues of conservatorship, "[t]he best interest of the child shall always be the primary consideration" of the trial court. TEX. FAM. CODE ANN. § 153.002 (Vernon 2008); *In re K.R.P.*, 80 S.W.3d 669, 674 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Trial courts have wide discretion with respect to custody, control, possession, support, and visitation matters. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *In re K.R.P.*, 80 S.W.3d at 674. Thus, we review a trial court's order granting child support for abuse of discretion. *Turner v. Turner*, 47 S.W.3d 761, 763 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

We review a trial court's denial of a motion for new trial for an abuse of discretion. *See Cliff v. Huggins*, 724 S.W.2d 778, 778–79 (Tex. 1987). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

### Reporter's Record

We note at the outset that a reporter's record has not been filed in this Court. The trial court's docket sheet and both parties' briefs indicate that the trial court held recorded hearings on November 16, 2011 on the custody and support determinations and February 9, 2012 on Ogbeide's motion for new trial. Ogbeide has filed in this Court what appears to be a transcription, prepared by "Compex Legal Services, Inc," of an audio recording from the November 16, 2011 hearing. There are no filings in this Court regarding a reporter's record of the February 9, 2012 hearing.

On May 23, 2012, we sent Ogbeide a notice stating that the document he had filed "does not contain the signature of a court reporter but merely contains a series of random characters" as a signature. We informed him that appellants "must request in writing that the official reporter prepare the reporter's record" and the reporter's record must be prepared, certified, and filed by the official reporter. *See*

4

TEX. R. APP. P. 34.3, 34.6(b)(1). Accordingly, we informed Ogbeide that the document did not satisfy the requirements for filing a reporter's record under the Texas Rules of Appellate Procedure.

We also sent the trial court's court reporter a notice, which was forwarded to Ogbeide, that the reporter's record was due to be filed in this Court on May 4, 2012, but had not yet been received. We directed the court reporter to file the reporter's record by June 22, 2012 or inform us why a reporter's record had not been filed. On September 27, 2012, the court reporter informed us that Ogbeide did not make payment arrangements for the reporter's record and Ogbeide is not indigent.

> The Texas Rules of Appellate Procedure provide that:
>
> Under the following circumstances, and if the clerk's record has been filed, the appellate court may—after first giving the appellant notice and a reasonable opportunity to cure—consider and decide those issues or points that do not require a reporter's record for a decision. The court may do this if no reporter's record has been filed because:
>
> (1)    the appellant failed to request a reporter's record; or
>
> (2)    (A) appellant failed to pay or make arrangements to pay the reporter's fee to prepare the reporter's record; and
>
>         (B) the appellant is not entitled to proceed without payment of costs.

TEX. R. APP. P. 37.3(c).

5

An appellant bears the burden to bring forward an appellate record that enables the appellate court to determine whether the appellant's complaints constitute reversible error. *See Enter. Leasing of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam); *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (stating that burden is on appellant to present sufficient record to show error requiring reversal). If the appellant desires a reporter's record on appeal, he must request the court reporter to prepare the record and arrange for payment of the reporter's fee for doing so. *See* TEX. R. APP. P. 35.3(b). The request must designate the exhibits to be included and be filed with the trial court. TEX. R. APP. P. 34.6(b). When the issues on appeal necessarily involve consideration of evidence omitted from the appellate record, we must presume the missing evidence supports the trial court's ruling. *See Barrios*, 156 S.W.3d at 550; *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 806 (Tex. App.—Dallas 2006, pet. denied) (evidence presumed to be sufficient to support trial court's order when appellant fails to bring reporter's record). Issues depending on the state of the evidence cannot be reviewed without a complete record, including the reporter's record. *See Favaloro v. Comm'n for Lawyer Discipline*, 994 S.W.2d 815, 820–21 (Tex. App.—Dallas 1999, pet. struck). If the appellant fails to bring forward a complete record, the court will conclude he has waived issues dependent on the state of the evidence. *Id.*

6

**Child Support**

In his third issue, Ogbeide argues that the trial court erred in entering its order regarding retro-active child support because it was "based on [his] earnings in November 2011" and "not based on his earnings when he was employed only part time . . . in April 2011." In his fourth issue, Ogbeide argues that the trial court erred in awarding reimbursement for Limbrick pre- and post-natal care because "[m]ost, if not all, of this child's medical expenses were covered by . . . Limbrick's group insurance through her employment."

Ogbeide asserts that he was "employed only part time and delivering pizza" during the time period for retroactive support and the child's birth was "covered by [Limbrick's] health insurance." In support of these assertions, Ogbeide cites only his affidavit in support of his motion for new trial. This evidence was not before the trial court during the November 16, 2011 hearing when it heard the evidence underlying its default judgment. Again, we note that Ogbeide has not provided this Court with a reporter's record of that proceeding. Thus, we must presume that the evidence presented at that hearing supports the trial court's default order. *See Barrios*, 156 S.W.3d at 550. Accordingly, we cannot conclude that the trial court abused its discretion in awarding Limbrick $9,848 in retroactive child support and $192,311.40 for reimbursement for pre- and post-natal health care.

We overrule Ogbeide's third and fourth issues.

## Motion for New Trial

In his first and second issues, Ogbeide argues that the trial court erred in not granting a rehearing and not granting a new trial because he had been informed that "this case would be continued and reset" and he "did not get notice of the default order until January 15, 2012."

A party may request a de novo hearing on an associate judge's findings before the referring court by filing a written request not later than the seventh working day after the date the party receives notice of the substance of the associate judge's report. TEX. FAM. CODE ANN. § 201.015(a) (Vernon Supp. 2012). A party is also entitled to a new trial on a default judgment if he demonstrates that (1) his failure to appear was not intentional or the result of conscious indifference; (2) there is a meritorious defense; and (3) granting a new trial will not operate to cause delay or injury to the plaintiff. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 392–93, 133 S.W.2d 124, 126 (1939). The trial court must test the motion for new trial and evidence against the requirements of *Craddock* and grant the motion if those requirements are met. *See Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex. 1984).

Here, the trial court held a hearing on Ogbeide's motion for new trial on February 9, 2012, but Ogbeide has failed to provide this Court with a reporter's record of that hearing. Thus, we must presume that the evidence adduced at that

hearing supports the trial court's denial of Ogbeide's motion for new trial. *See Barrios*, 156 S.W.3d at 550 Ogbeide has not established that he timely filed his motion[1] pursuant to section 201.015(a) or that he demonstrated to the trial court that he satisfied the three *Craddock* factors entitling him to a new trial. Accordingly, we cannot conclude that the trial court abused its discretion in denying Ogbeide's motion for new trial.

We overrule Ogbeide's first and second issues.

### Findings of Fact and Conclusions of Law

In his fifth issue, Ogbeide argues that he is entitled to a new trial because the trial court erred in not making findings of fact and conclusions of law to support its award of child support in the amount of $1,414 per month. In any case tried in a district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law. TEX. R. CIV. P. 296. A request must be filed within twenty days after the judgment is signed. *Id.* The court "shall" file its findings of fact and conclusions of law within twenty days after a timely request is filed. TEX. R. CIV. P. 297. Here, the trial court entered its default order on January 5, 2012, but Ogbeide did not file his "Request for Findings of

---

[1] Ogbeide asserts in his brief, for the first time, that he did not receive notice of the trial court's default order until January 15, 2012 because Limbrick did not file a "certificate of last known address" and the notice was sent to his old address. However, Ogbeide did not raise this issue in the trial court in either his motion for new trial or its supporting affidavits from Ogbeide and his attorney.

Fact and Conclusions of Law" until February 22, 2012. Thus, Ogbeide did not timely request findings of fact or conclusions of law, and the trial court was not obligated to file any findings of fact or conclusions of law.[2] *See, e.g., Williams v. Kaufman*, 275 S.W.3d 637, 642 (Tex. App.—Beaumont 2009, no pet.).

We overrule Ogbeide's fifth issue.

### Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

---

[2] We also note that the trial court's docket sheet seems to indicate that the trial court did file findings of fact and conclusions of law on April 10, 2012. However, if the trial court made such findings, they do not appear in this record.

10