**ENTERPRISE LEASING COMPANY OF HOUSTON, Petitioner,**

v.

**Horacio BARRIOS, Respondent.**

No. 03–0787.

Supreme Court of Texas.

Nov. 12, 2004.

**548**

Harry Paul Weitzel, Hutson Brit Smelley, J. Brett Busby, Mayer, Brown, Rowe & Maw LLP, Daniel Joseph Fay, Law Office of Daniel Joseph Fay, Houston, for petitioner.

Don D. Becker, John Brice Carroll, Carroll & Becker, Houston, for respondent.

PER CURIAM.

On April 23, 1998 Horacio Barrios rented a Ford Explorer from Enterprise Leasing Company of Houston. Enterprise alleges that at the end of the rental term, Barrios did not return the car because it was stolen. After Barrios refused to pay for the vehicle, Enterprise sued Barrios for breach of the rental agreement, claiming that the agreement required Barrios to reimburse Enterprise for the loss of the vehicle.

The trial court granted Enterprise's motion for partial summary judgment on liability and, after conducting a hearing on damages, entered final judgment in favor of Enterprise. Barrios appealed, claiming that necessary proof of Enterprise's claim, his answers to Enterprise's requests for admissions, were not attached to Enterprise's motion for partial summary judgment. Barrios also argued that his uncontroverted summary judgment evidence established that "any loss was not due to any fault of [Barrios]." A divided court of appeals, sitting en banc, reversed the trial court's judgment, holding that the rental agreement was ambiguous, and remanded the case to the trial court. 110 S.W.3d 185, 188–91. Enterprise petitioned this Court for review.

■ Enterprise's motion for partial summary judgment primarily relied on one provision of the rental agreement to support its contention that the agreement obligated Barrios to pay for the stolen car. It provided, in part:

DAMAGE TO RENTED CAR: Renter is responsible for and agrees to pay to Owner the retail value of replacing and/or repairing all losses and damages to the rented car including "loss of use" during the period it is unavailable for rental use as measured by reasonable rental value of renting a replacement car, regardless of fault or negligence of the Renter or any person, and regardless if damages are a result of an act of God.

The court of appeals held that this provision was ambiguous as to whether Barrios

was required to reimburse Enterprise for a rental car if it was stolen through no fault or negligence of his own. 110 S.W.3d at 191. The court of appeals emphasized that the key provision was titled *"Damage to* Rented Car" instead of *"Loss of* Rented Car" and reasoned that "[a] natural reading of the language of the provision is that the general terms 'loss or damage' are limited to loss or damage 'to' the car," as opposed to the wholesale theft of the car. *Id.* at 190–91.

 "Whether a contract is ambiguous is a question of law that must be decided by examining the contract as a whole in light of the circumstances present when the contract was entered." *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.,* 940 S.W.2d 587, 589 (Tex.1996). "If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law." *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). An ambiguity exists only if the contract language is susceptible to two or more reasonable interpretations. *Am. Mfrs. Mut. Ins. Co. v. Schaefer,* 124 S.W.3d 154, 157 (Tex.2003).

 This rental agreement unambiguously requires renters to reimburse Enterprise if the rented car is stolen and not returned, regardless of fault. The court of appeals misconstrued the clear language of the agreement that requires renters to "replac[e] and/or repair[ ] all losses and damages to the rented car." Instead, the court put undue weight on the title of the governing contract provision. Although we recognize that in certain cases, courts may consider the title of a contract provision or section to interpret a contract, "the greater weight must be given to the operative contractual clauses of the agreement." *Neece v. A.A.A. Realty Co.,* 159 Tex. 403,

322 S.W.2d 597, 600 (1959). This contract's requirement that renters pay Enterprise "the retail value of replacing and/or repairing all losses and damages to the rented car" unambiguously requires renters to reimburse Enterprise for all losses to the rented car, including the loss of the entire car by theft. As one of the dissenting justices succinctly stated, " 'All losses' means *all* losses." 110 S.W.3d at 193 (Jennings, J., dissenting).

 We now review the summary judgment de novo. *Provident Life & Acc. Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). Enterprise's motion for partial summary judgment was based in part on Barrios's answers to Enterprise's requests for admissions. The motion states that the answers are attached, but our review of the record indicates that the answers are not attached to the motion with the other summary judgment evidence referenced in the motion. However, the county clerk's docket sheet reveals that Barrios filed his answers to Enterprise's first and second requests for admissions with the trial court. Texas Rule of Procedure 166a does not require the answers to be attached to the motion for summary judgment to be considered. The answers must only be "on file at the time of the summary judgment hearing, or filed thereafter and before judgment with permission of the court." Although Enterprise bears the burden to prove its summary judgment as a matter of law, on appeal Barrios bears the burden to bring forward the record of the summary judgment evidence to provide appellate courts with a basis to review his claim of harmful error. *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 689 (Tex.1990); *Escontrias v. Apodaca,* 629 S.W.2d 697, 699 (Tex.1982); *cf.* Tex.R.App. P. 34.5(a) (only the items listed in Rule 34.5(a) are included in the appellate record absent a request from one

of the parties). If the pertinent summary judgment evidence considered by the trial court is not included in the appellate record, an appellate court must presume that the omitted evidence supports the trial court's judgment. *DeSantis,* 793 S.W.2d at 689; *see also Crown Life Ins. Co. v. Gonzalez,* 820 S.W.2d 121, 122 (Tex.1991). Therefore, we presume that Barrios's answers support the trial court's partial summary judgment in favor of Enterprise.

For these reasons, we reverse the court of appeals' judgment and render judgment in favor of Enterprise.