**Affirm and Opinion Filed July 3, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-11-01688-CV

### IN THE ESTATE OF JOSEPH SMITH JR, DECEASED

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. 06-1266-P**

## MEMORANDUM OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice FitzGerald

Appellant Joe Dean Smith filed an application to set aside an order probating the will of

Joseph Smith, Jr. Later, Joe Dean Smith and appellant Lloyd Smith joined in the filing of an

amended application to set aside the order probating the will. Appellee Sallie Pugh Smith filed a

motion to dismiss, which the trial judge later granted after a hearing. Appellants appealed. We

affirm.

First we dispose of the appeal of appellant Lloyd Smith. Only one appellant's brief has

been filed in this case, and it appears to be filed on behalf of appellant Joe Dean Smith only. The

brief is called "Appellant's Brief," and Joe Dean Smith is the only appellant listed in the list of

the parties and counsel. The prayer for relief seeks relief for "Appellant," not "Appellants."

Because appellant Lloyd Smith did not file a brief or join in appellant Joe Dean Smith's brief, we

affirm the judgment as to appellant Lloyd Smith. *See* TEX. R. APP. P. 38.8(a)(3); *PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 715 (Tex. App.—Dallas 2011, pet. denied).

As to appellant Joe Dean Smith, we conclude that the state of the appellate record compels affirmance of the judgment. Although the trial judge dismissed this case based on a motion to dismiss filed by appellee, the motion to dismiss does not appear in the clerk's record. Appellants' designation of the clerk's record is part of the clerk's record, and it shows that appellants did not request the clerk to include the motion to dismiss in the clerk's record. The appellant bears the burden of bringing forward an appellate record sufficient to allow this Court to determine whether the appellant's complaints constitute reversible error. *See Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam); *Resurgence Fin., L.L.C. v. Esparza*, No. 05-07-01335-CV, 2009 WL 2414481, at *1 (Tex. App.—Dallas Aug. 7, 2009, no pet.) (mem. op.); *Resurgence Fin., L.L.C. v. Moseley*, No. 05-07-01225-CV, 2009 WL 92444, at *1 (Tex. App.—Dallas Jan. 15, 2009, no pet.) (mem. op.). If the issues on appeal necessarily involve consideration of documents omitted from the appellate record, we must presume the missing documents support the trial court's ruling. *See Enter. Leasing Co.*, 156 S.W.3d at 550. We cannot review the propriety of the dismissal in this case without the motion to dismiss that served as the basis for the dismissal. Accordingly, we resolve appellant Joe Dean Smith's issues against him.

We affirm the trial court's judgment.


/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

111688F.P05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE ESTATE OF JOSEPH SMITH JR, DECEASED

No. 05-11-01688-CV

On Appeal from the Probate Court No. 1, Dallas County, Texas
Trial Court Cause No. 06-1266-P.
Opinion delivered by Justice FitzGerald.
Justices Bridges and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Sallie Pugh Smith recover her costs of this appeal from appellants Joe Dean Smith and Lloyd Booker Smith.

Judgment entered July 3, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE