**AFFIRMED as Modified; Opinion Filed June 17, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01638-CV

## IN THE INTEREST OF H.M., A MINOR CHILD

On Appeal from the 380th Judicial District Court
Collin County, Texas
Trial Court Cause No. 380-54170-2009

## MEMORANDUM OPINION
Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice Moseley

Before the Court is an appeal from an order granting Mother's request to modify a divorce decree to permit Mother to determine the primary residence of the child in Florida in addition to the counties contiguous to Collin County. The order also awarded Mother a judgment against Father for child support arrearages. Father filed a motion for new trial, which the trial court denied. Father appealed.

In four issues, Father contends (1) the trial court erred by rendering a judgment for child support arrearages because that relief was not included in Mother's pleadings; (2) the trial court erred by not including a standard possession order in the order modifying the divorce decree; (3) there was no evidence to show that modification of the residency requirement was in the child's best interest; and (4) the trial erred by denying his motion for new trial based on newly discovered evidence and perjured testimony. The background of the case and the evidence

adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We modify the trial court's order to delete the judgment for child support arrearages and affirm the trial court's order as modified.

Mother filed a petition to modify the parent-child relationship. Mother requested that she be appointed as the person who has the exclusive right to designate the primary residence of the child, and requested that the domicile restriction be modified to include the State of Florida in addition to the counties contiguous to Collin County. In the petition, she alleged the requested modification would be in the best interest of the child. Father filed a general denial.[1]

The trial court found that the allegations in the petition to modify were "true and that the requested modification is in the best interest of the child." The trial court granted the modification, giving Mother the exclusive right to designate the child's primary residence, including in the State of Florida. The trial court also ordered that Father was obligated to make specific child support payments, and entered a judgment for child support arrearages.

Rule 301 requires that the "judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any." TEX. R. CIV. P. 301. A party may not obtain a judgment based upon a theory not pleaded. *Stucki v. Stucki*, 222 S.W.3d 116, 121 (Tex. App.—Tyler 2006, no pet.) (citing *Affiliated Capital Corp. v. Musemeche*, 804 S.W.2d 216, 219 (Tex. App.—Houston [14th Dist.] 1991, writ denied)).

In his motion for new trial and on appeal, Father has argued the judgment for child support arrearages was not supported by pleadings. Mother argues the judgment only confirmed the obligations already imposed on Father by the original divorce decree. In her brief, Mother also argues the issue of support arrearages was tried by consent. She states that "the record of

---

[1] The trial court denied temporary orders.

the motion for new trial hearing indicates that the parties signed a Rule 11 agreement to submit issues related to 'the child support arrearage amount' to the trial court judge." There is no record of the trial from which we can evaluate whether the issue was expressly or impliedly tried by consent. Although a Rule 11 agreement was mentioned by counsel during the hearing on the motion for new trial, there is no Rule 11 agreement in the clerk's record. From this record, we cannot conclude that the issue of arrearages was tried by consent.

Mother did not file a pleading or motion for enforcement to support her claim for an arrearage of child support. Although a party who is an obligee under an existing child support order may file a motion to enforce the order and seek a judgment confirming a child support arrearage, *see* TEX. FAM. CODE ANN. § 157.001(a), 157.002, Mother did not file such a motion. Because Mother failed to support her claim with proper pleadings, the trial court erred by rendering a judgment for child support arrearages. We sustain Father's first issue.

In his second issue, Father argues the modification order does not attach a standard possession order and the modification order violates the one final judgment rule. Chapter 156 of the Texas Family Code expressly permits a court of continuing jurisdiction to modify a prior order in a suit affecting the parent-child relationship. *See* TEX. FAM. CODE ANN. §§ 156.001–.409. Because modification is expressly permitted by law, the modification does not violate the one final judgment rule. *See* TEX. R. CIV. P. 301 (only one final judgment shall be rendered "except where it is otherwise specifically provided by law"). Furthermore, the modification order here modified but did not displace the divorce decree. As stated in the modification order, "[a]ll other terms of the prior orders not specifically modified in this order shall remain in full force and effect." Thus, the standard possession order in the final divorce decree remains in full force and effect and the trial court did not err by failing to attach a new standard possession order. We overrule Father's second issue.

In his third issue, Father asserts the trial court abused its discretion because the evidence was legally insufficient (or there was no evidence) to show that terminating the residency restriction was in the best interest of the child. The appellate record does not contain a reporter's record of the evidence presented at trial.

The appellant bears the burden to bring forward an appellate record that enables the appellate court to determine whether appellant's complaints constitute reversible error. *See Enter. Leasing of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam); *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (burden is on appellant to present sufficient record to show error requiring reversal). If the appellant desires a reporter's record on appeal, he must request the court reporter to prepare the record and arrange for payment of the reporter's fee for doing so. *See* TEX. R. APP. P. 35.3(b). Because Father failed to bring forward an appellate record that included a reporter's record from the trial, we have no basis on which to determine whether the evidence was sufficient to show that changing the residency requirement was in the best interest of the child.[2] We overrule Father's third issue.

In his final issue, Father argues the trial court erred by refusing to grant his motion for new trial on newly discovered evidence grounds. Father asserts that after the trial on the merits, he discovered "'newly discovered evidence' and/or 'perjured testimony'" by Mother, and this evidence would have produced a different result at a new trial. To support this contention, Father attached two affidavits to his motion for new trial. The affidavits purport to contradict the testimony Mother offered at trial. However, as before, without a record from the trial, we cannot say whether the evidence Father offers is new or whether it might indicate that Mother perjured herself at trial.

---

[2] Father's motion for new trial attached a transcript from the final hearing as an exhibit. His brief on appeal attached a transcript of the temporary orders hearing as an exhibit. Neither of these attachments is considered part of the appellate record. *See Wihoite v. Sims*, 401 S.W.3d 752, 762 (Tex. App.—Dallas 2013, no pet.).

Additionally, an appellant's brief must contain a summary of the argument which is a "succinct, clear, and accurate statement of the arguments made in the body of the brief. This summary must not merely repeat the issues or points presented for review." TEX. R. APP. P. 38.1(h). It also must contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Father's brief does neither of these things.

With respect to his fourth issue, Father asserts that he has newly discovered evidence and evidence of perjured testimony and cites two affidavits of people who disagreed with testimony that Mother allegedly offered at trial. However, Father does not argue how these affidavits support his argument or how the evidence is so material that it probably would have produced a different result if a new trial were granted. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010) (listing elements party must prove to obtain new trial on grounds of newly discovered evidence). Father's brief does not comply with our briefing rules.

We overrule Father's fourth issue.

We modify the trial court's order to delete the judgment for child support arrearages and affirm the trial court's order as modified.

121638F.P05

/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF H.M., A MINOR
CHILD

No. 05-12-01638-CV

On Appeal from the 380th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 380-54170-2009.
Opinion delivered by Justice Moseley.
Justices O'Neill and FitzGerald
participating.

In accordance with this Court's opinion of this date, the trial court's August 24, 2012 order in suit to modify parent-child relationship is **MODIFIED** as follows:
Section 7.8 is deleted in its entirety.
It is **ORDERED** that, as modified, the order of the trial court is **AFFIRMED**.
It is **ORDERED** that appellee Catherine Gonzalez recover her costs of this appeal from appellant Joel Merkins.

Judgment entered this 17th day of June, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE

–6–