**Affirmed and Memorandum Opinion filed September 16, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00710-CV

## KATHERINE MILLIKEN, Appellant

## V.

## MICHAEL TUROFF, Appellee

### On Appeal from the 215th District Court
### Harris County, Texas
### Trial Court Cause No. 2011-68872

## M E M O R A N D U M   O P I N I O N

Katherine Milliken appeals from a judgment following a bench trial. The trial court's judgment awards damages and attorney's fees to Michael Turoff arising from Milliken's failure to repay a loan she received from Turoff. Milliken challenges the judgment on grounds that (1) there is no evidence of a contract; (2) Milliken did not receive proper notice of the trial; (3) there is no evidence supporting the award of attorney's fees; and (4) the trial court erred by dismissing Milliken's counterclaims. We affirm.

BACKGROUND

Turoff sued Milliken on November 15, 2011, and asserted claims against her for breach of contract, unjust enrichment, fraud, and negligence. Turoff alleged that he had loaned money to Milliken to help her with her personal finances, and that she had failed to perform under a promissory note agreeing to repay $8,353.37 to Turoff by February 2008. Turoff also alleged that Milliken incurred charges based on the unauthorized use of credit cards she obtained in Turoff's name.

Milliken filed a counterclaim on March 6, 2012, in which she alleged that Turoff had engaged in "stalking," defamed her, conspired to defame her, and committed malicious prosecution, breach of fiduciary duty, trespass, and invasion of privacy. She filed a first amended counterclaim on June 14, 2012, in which she asserted the same causes of action and added a claim for "cyber-harassment and cyber-bullying."

Turoff filed an amended petition on July 13, 2012, to add claims for intentional infliction of emotional distress and quantum meruit to his previously asserted claims; he also asserted that Milliken had filed frivolous counterclaims.

Milliken filed a second amended original counterclaim on December 3, 2012. The trial court struck Milliken's second amended original counterclaim in an order signed on January 25, 2013.

The case proceeded to trial on May 6, 2013, solely on Turoff's breach of contract claim against Milliken. The trial court heard testimony from Turoff; Milliken; attorney Michael D. West; and attorney Kenny Wrubel.

The trial court signed findings of fact and conclusions of law on May 10, 2013, in which the trial court made the following determinations.

- Milliken cashed a $6,000 check on February 14, 2008 that was written to her by Turoff and identified as an "emergency loan."

- Milliken and Turoff had a contractual agreement as of February 14, 2008 that was signed by Milliken. This contractual agreement "provided her

2

notice of Michael Turoff's claim of her need to repay him."

- Turoff made demand on Milliken for repayment in letters dated September 30, 2008 and October 11, 2008.

- Milliken did not pay Turoff $6,000 as she had agreed to do.

- Milliken "breached her contractual agreement with Michael Turoff by failing to pay to Michael Turoff the $6,000 at the end of February 2008."

- Milliken's "failure to pay the $6,000 at the end of February 2008 . . . to Michael Turoff . . . was a breach of the February 14, 2008 agreement which caused him damages for the principal amount of Six Thousand Dollars . . . ."

- Turoff incurred reasonable and necessary attorneys' fees in the prosecution of his contract claim in the amount of $11,000.

- Milliken "is entitled to no relief from or against" Turoff.

The trial court signed a final judgment in Turoff's favor on May 13, 2013, in conformity with the findings and conclusions in which it awarded $6,000 to Turoff, along with attorney's fees, prejudgment interest, post-judgment interest, and costs. The final judgment states: "Prior to the conclusion of the presentment of all of the evidence, Milliken announced in open court, and on the record, that she was non-suiting all of her claims, without prejudice, against Turoff." The final judgment orders that Milliken take nothing from Turoff.

Milliken filed a motion for new trial on June 12, 2013, in which she asserted the May 2013 judgment should be set aside based on allegations that (1) Turoff's attorney engaged in various types of asserted misconduct; (2) Turoff testified falsely; (3) the trial court erroneously prevented Milliken from questioning witnesses before and during trial; and (4) the trial court erroneously struck Milliken's counterclaims. The motion for new trial was overruled by operation of law. Milliken timely appealed.

ANALYSIS

## I.    No Evidence

Milliken challenges the trial court's breach of contract determination in her first issue.  The precise nature of Milliken's challenge to the trial court's determination is not clear from her brief.

Milliken suggests that the contract at issue is Plaintiff's Exhibit A, a list of loans from Turoff to Milliken totaling $8,353.37, which was admitted into evidence.  She states that Plaintiff's Exhibit A "did not contain the signature of either party or terms of the agreement as to the repayment date or conditions of the purported loan."  She also asserts that Plaintiff's Exhibit A is "ambiguous in regards to the offer, [the] parties' acceptance and each parties [sic] consent to the terms of the contract."

We construe Milliken's argument as a contention that no evidence supports the trial court's determination that a contract existed under which Milliken agreed to repay a $6,000 loan to Turoff at the end of February 2008.  Milliken did not raise a legal sufficiency challenge in the trial court; we nonetheless will address this challenge because Milliken is permitted to raise this complaint for the first time on appeal in a nonjury case.  *See* Tex. R. App. P. 33.1(d).  This court reviews a trial court's findings for legal sufficiency according to the same standards applied in reviewing the evidence supporting a jury's answers to questions in the charge.  *Catalina v. Blasdel*, 881 S.W.2d 295, 296 (Tex. 1994); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

To recover on his contract claim, Turoff had to demonstrate (1) the existence of a valid contract, (2) his performance under that contract, (3) Milliken's breach, and (4) damages resulting from the breach.  *Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 72 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

Turoff testified he and Milliken knew each other through their mutual involvement with a squadron of the Civil Air Patrol based at Hobby Airport.  According to Turoff,

Milliken approached him in February 2008 saying she was short on funds; she asked him to loan her $6,000 "so that it would tide her over for her financial needs in the short term" and he did so. Turoff testified that this $6,000 loan is one of the amounts reflected in Plaintiff's Exhibit A as being payable to Turoff "without interest during the last week of February, 2008 . . . ." Turoff also testified that he discussed the contents of Exhibit A with Milliken, who "did agree to these amounts and she initialed the document saying that, yes, this is what I owe you." The copy of Exhibit A in the record includes the initials "KM."

The $6,000 amount also is reflected in Plaintiff's Exhibit C, which was admitted into evidence. Plaintiff's Exhibit C is a personal check dated February 14, 2008, and drawn on Turoff's account in the amount of $6,000; this check identifies Turoff as the payor and Milliken as the payee, and it is signed by Turoff. The memo portion of the check shows a handwritten notation reading, "Emergency Loan." Milliken endorsed the check and cashed it. Turoff testified that Milliken orally agreed that she owed the $6,000 amount and other sums to him as reflected in Exhibit A but failed to repay him despite his repeated oral and written demands for repayment. Milliken testified that she cashed Turoff's $6,000 check; she has not repaid this amount to Turoff; the $6,000 check was not a loan; and she did not owe $6,000 to Turoff.

In light of this record, we conclude that the evidence adduced at trial would enable a reasonable and fair-minded factfinder to conclude that the elements of a breach of contract claim were established based upon an oral agreement under which Turoff loaned Milliken $6,000 for her personal expenses; Turoff's performance under that agreement by loaning the $6,000 to Milliken via a personal check identified as an "Emergency Loan;" Milliken's breach by failing to repay the $6,000 she owed to Turoff; and Turoff's damages due to Milliken's failure to repay the $6,000 "Emergency Loan." *See Vela v. Vela*, No. 14-12-00822-CV, 2013 WL 6700270, at *4 (Tex. App.—Houston [14th Dist.] Sept. 24, 2013, no pet.) (mem. op.). Milliken identifies no ambiguity arising from this record, and we discern no such ambiguity. *See id.* We overrule Milliken's first issue.

5

## II.    Notice of Trial

In her second issue, Milliken contends that the trial court erred in signing the final judgment in this case because Milliken did not receive proper notice of trial under Texas Rule of Civil Procedure 245.  Milliken did not raise this complaint in the trial court; therefore, it is waived and we do not address it.  *See* Tex. R. App. P. 33.1(a).[1]  We overrule Milliken's second issue.

## III.    Attorney's Fees

In her third issue, Milliken challenges the trial court's award of $11,000 in attorney's fees on grounds that Turoff's attorney "did not provide for the court a breakdown of his fees outlining his work" on Turoff's behalf "or enter into evidence any billing breakdown."  We construe this contention as an argument that legally insufficient evidence supports the amount awarded for attorney's fees at trial.  *See Am. Risk Ins. Co. v. Abousway*, No. 14-13-00124-CV, 2014 WL 2767402, at *5 (Tex. App.—Houston [14th Dist.] June 17, 2014, no pet.) (mem. op.) ("A court's decision to grant or deny attorney's fees is reviewed under an abuse of discretion standard, while the amount of attorney's fees awarded is reviewed under a legal sufficiency standard.")

Turoff's attorney, Michael D. West, testified that his usual and customary fee for a case such as this is $295 per hour; however, he charged only $200 per hour "given the individual nature of Mr. Turoff's financial situation."  West testified:  "And the fees which he has incurred and which he has paid to me or are due to me that are reasonable and necessary in the prosecution of this case through trial are $10,000 . . . ."  West stated that an additional $1,000 fee would be reasonable and necessary for addressing post-trial motions.

---

[1] Milliken asserts at page 8 of her brief that she "raised the issue of failure to receive notice multiple times."  She refers us to pages 7, 12, and 13 of the "Clerk's Record," which we interpret as an attempt to cite the corresponding pages of volume two the reporter's record containing a transcript of the trial court proceedings held on May 6, 2013.  The cited pages do not address the asserted failure to receive notice of trial; they pertain to a separate complaint, not pursued on appeal, that Milliken had not received notice of a motion for sanctions filed by Turoff.

"In order to show the reasonableness and necessity of attorney's fees, the plaintiff is required to show that the fees were incurred while suing the defendant sought to be charged with the fees on a claim which allows recovery of such fees." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11 (Tex. 1991). As tried, this case involved a single breach of contract claim submitted by a single plaintiff against a single defendant; this case did not involve an effort "to recover attorney's fees . . . where there are multiple defendants, and one or more of those defendants have made settlements" so as to require segregation of fees among multiple parties. *Cf. id.* As to a breakdown of the number of hours, the testimony established that Turoff sought $10,000 in fees based on his hourly rate of $200; this equates to 50 hours for discovery, preparation, and a two-day trial. During cross-examination, West testified that the $10,000 fee was reasonable in light of Milliken's motions and "frivolous filings," and in light of the necessity of deposing Milliken in the courtroom before trial. West also testified that "the fees I have just testified to were those fees that were reasonable and necessar[ily] incurred in this lawsuit. No other matter."

This testimony established the reasonableness of the fees sought; it is legally sufficient evidence to support the trial court's award of attorney's fees for trial even in the absence of invoices. *See Dodd v. Savino*, 426 S.W.3d 275, 294 (Tex. App.—Houston [14th Dist] 2014, no pet.). We overrule Milliken's third issue.

## IV.   Dismissal of Counterclaims

In her fourth issue, Milliken asserts that the trial court erred by dismissing her counterclaims. The clerk's record contains an order signed on January 25, 2013, in which the trial court granted Turoff's motion to strike Milliken's Second Amended Original Counterclaim. Neither the motion to strike nor any response is contained in the clerk's record filed in this court on October 4, 2013, or in the first supplemental clerk's record filed in this court on January 27, 2014. As the appellant, Milliken bore the responsibility of providing the court with a record supporting the issues raised on appeal; without such a record, we have no basis upon which to conclude that the trial court erred

7

by striking Milliken's pleadings. *See Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549-50 (Tex. 2004). Accordingly, we overrule Milliken's fourth issue.

## CONCLUSION

We affirm the trial court's judgment.[2]

/s/          William J. Boyce
              Justice

Panel consists of Justices Boyce, Busby, and Wise.

---

[2] In light of this disposition, we deny as moot Turoff's request to dismiss this appeal based on Milliken's untimely filing of her appellate brief.