

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GOLDEN AGE SENIOR LIVING OF EL PASO, LLC AND SUNRIDGE AT CAMBRIA, | § § | No. 08-14-00161-CV |
| | | Appeal from the |
| Appellants, | § | 168th District Court |
| v. | § | of El Paso County, Texas |
| JOHN PATRICK ATWOOD, | § | (TC#2013-DCV3810) |
| Appellee. | § | |

## **O R D E R**

In this employment-discrimination case brought by John Patrick Atwood against Golden Age Senior Living of El Paso, LLC and Sunridge at Cambria (hereinafter, "Appellants"), Appellants contend the trial court erred by denying their motion to compel arbitration. Appellants sought to compel arbitration pursuant to a purported arbitration agreement signed by Atwood and by "Keith Ashburn" in his capacity as "Chief Operating Officer" of "12 Oaks Management Services, Inc." Atwood opposed arbitration on the basis that the agreement is invalid because it is signed by a non-party and is unenforceable because it is so one-sided as to be substantively unconscionable. After holding a hearing on the motion, the trial court denied it without explanation. Appellants did not request, and the trial court did not issue, findings of fact and conclusions of law.

On appeal, Appellants argue the trial court erred "because the Arbitration Agreement covers the dispute at issue and is not substantively unconscionable." In so arguing, Appellants assert there are no factual disputes concerning the validity and enforceability of the arbitration agreement and, therefore, only issues of law exist. Atwood disagrees. He contends that because he denied the existence of an arbitration agreement and challenged the admissibility of supporting evidence offered by the Appellants, "[t]he trial court was . . . required to determine whether, as a matter of fact, there was an arbitration agreement between the parties." Atwood further contends that Appellants have failed to challenge the sufficiency of the evidence supporting "the trial court's implied findings that Appellant's failed to carry their burden of proof on disputed issues of fact" and that "the absence of a reporter's record prevents [us] from reviewing the merits of those findings[.]" According to Atwood, "[t]he procedural posture of this case simply does not allow [us] to reverse the trial court's factual determination that Appellants failed to carry their burden of proof."

In their reply brief, Appellants maintain that "[o]nly [q]uestions of [l]aw remain as to [w]hether the [a]rbitration [a]greement is [e]nforceable . . . ." However, Appellants also request that in the event we "decide that there are outstanding factual determinations," they be allowed "the opportunity to secure the filing of the reporter's record so that this appeal may be resolved based on the merits and not procedure [sic] technicalities." In making this request, Appellants rely on Texas Rule of Appellate Procedure 37.3(c), which applies in a case where the clerk's record has been filed but the reporter's record has not because the appellant failed to request it or pay for it. *See* TEX.R.APP.P. 37.3(c). The rule permits an appellate court to decide those issues or points in a case that do not require a reporter's record, if the court first gives the appellant notice and a reasonable opportunity to cure the omission of the reporter's record. *See id.*

2

An appellant bears the burden to bring forward a record that enables the appellate court to determine whether appellant's complaints constitute reversible error. *See Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004)(per curiam); *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990)(stating that burden is on appellant to present sufficient record to show error requiring reversal). Thus, it is Appellants' responsibility—not ours—to determine whether a reporter's record is necessary in this case. Whether Appellants are able to secure a reporter's record is another matter. Appellants indicated on their appellate docketing statement that there is no reporter's record, and Appellee states in his brief that "[n]o reporter's record was taken[.]"

We grant Appellants' request in part. If Appellants believe a reporter's record is necessary, we order them to notify us immediately in writing that a reporter's record will be filed and to cause the record to be filed with us no later than 20 days from the date of this order.


March 13, 2015                                            PER CURIAM

Before McClure, C.J., Rodriguez, and Hughes, JJ.

3