# Supreme Court of Texas

No. 20-0079

James Construction Group, LLC and Primoris Services
Corporation,

*Petitioners*,

v.

Westlake Chemical Corporation,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

JUSTICE BOYD, joined by Justice Blacklock and Justice Huddle, dissenting in part.

I agree with the Court that substantial compliance can satisfy a written-notice requirement but oral notice cannot constitute substantial compliance. I also agree that Westlake cannot recover the costs it incurred when it replaced James because its oral notice failed to substantially comply with the contract's written-notice requirement and the contract did not otherwise entitle Westlake to recover those costs. But I conclude that the parties' agreement that "no claim shall be made" for consequential damages constitutes a covenant not to sue for such

damages. Because I would reverse the court of appeals' holding as to the consequential-damages provision, I respectfully dissent in part.

The contract plainly stated that neither party "shall be liable to the other for any consequential . . . damages . . . *and no claim shall be made by either [party] for such damages*." [Emphasis added.] The Court gives undue weight to the contractual language explicitly forbidding claims for consequential damages being "an independent clause." *Ante* at ___. This grammatically inconsequential detail pales in comparison to the binding power of the conjunctive "and," which links the waiver of consequential damages to the covenant not to sue for such damages, ensuring both are valid, independently enforceable provisions.

The Court's rationales for its interpretation are unpersuasive. Its premier argument relies on the title of the contract section at issue ("Waiver of Consequential Damages"), *ante* at ___, and disregards the fact that the substantive text of the section clearly records the parties' more expansive intent. *See Enter. Leasing Co. of Hous. v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) ("Although we recognize that in certain cases, courts may consider the title of a contract provision or section to interpret a contract, 'the greater weight must be given to the operative contractual clauses of the agreement.'" (quoting *Neece v. A.A.A. Realty Co.*, 322 S.W.2d 597, 600 (Tex. 1959))). The contract spells out the parties' agreement to both waive consequential damages *and* covenant not to sue for such damages. And if the section's title does not fully capture this manifestation of intent, the contract's text must nevertheless control. The difference between these provisions is paramount because the mutual waiver of consequential damages simply

2

bars recovery, while the promise not to sue constitutes a covenant that, if breached, enables the other party to recoup its costs incurred in defending that suit. These provisions are not duplicative, as the Court's reading would ensure; rather, they accomplish different goals and avoid surplusage and superfluity.

The Court attempts to rely on the distinction between a "claim" and a "suit," asserting that relinquishing "a claim to any consequential damages to which [the parties] may be entitled in the event of a lawsuit" is not the same as relinquishing "the right to bring a suit in the first place." *Ante* at ___. But the contract bars both collecting consequential damages and making a claim for such damages. Westlake breached the contract when it asserted a claim against James for consequential damages.

Finally, the Court errs by depending on the somewhat unpredictable line between direct and consequential damages, arguing that because a court might ultimately categorize damages as consequential when a party believed them to be direct, the contract here could not have barred suit for consequential damages. *Ante* at ___. But Westlake's subjective belief that the damages it sought were direct, rather than consequential, was subject to judicial review and interpretation. To whatever extent judicial characterization of damages as direct or consequential impeded Westlake's ability to safely predict whether it was violating a covenant when it sued James, that does not alter the contract's plain language. Whether it knew or not, Westlake was suing for consequential damages, which its contract straightforwardly forbids.

3

Because Westlake breached the contract's covenant not to sue for consequential damages, I would reverse the court of appeals' contrary holding and reinstate the jury's award of the attorney's fees James incurred in defending against Westlake's claims for consequential damages. Because the Court does not, I respectfully dissent.

---

Jeffrey S. Boyd

Justice

**OPINION DELIVERED:** May 20, 2022

4