**Affirmed and Memorandum Opinion filed July 25, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00029-CV

## JORDAN BALCIUNAS, Appellant

### V.

## CONSTABLE MARK HERMAN, SERGEANT JEREMY TALBERT, AND DEPUTY CHRISTOPHER GAINES, Appellees

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-86261**

# MEMORANDUM OPINION

Appellant/plaintiff Jordan Balciunas appeals from a final judgment in which the trial court granted motions for summary judgment filed by appellees/defendants Constable Mark Herman, Sergeant Jeremy Talbert, and Deputy Christopher Gaines (collectively the "Officers"). We affirm.

### BACKGROUND

Balciunas filed suit in the trial court against the Officers, asserting various

claims against them.[1] Each of the Officers filed a summary-judgment motion. In a series of orders, the trial court granted each of these motions and disposed of all claims and all parties. Balciunas timely perfected this appeal.

## ANALYSIS

Under two issues on appeal,[2] Balciunas asserts the following:

(1) The trial court erred in granting the Officers' summary-judgment motions.

(2) The trial court erred in denying Baliunas's motion to reconsider its summary-judgment rulings.

(3) The trial court erred in denying Balciunas's motion to reconsider the trial court's order sustaining the Officers' objections to Exhibits A, B, and C in Balciunas's summary-judgment response.

(4) The trial court erred in denying Balciunas's motion to reconsider the trial court's order denying his motion to compel Herman's deposition.

(5) The trial court erred in denying Balciunas's motion for continuance.

Though our appellate record contains Balciunas's petition, the Officers' answers, Balciunas's motion for reconsideration, and the Officers' responses

---

[1] Balciunas also sued Harris County asserting various claims, but he later voluntarily dismissed these claims.

[2] These are Balciunas's two issues:

1. Whether the statute of limitations on a fourth amendment federal civil rights false arrest claim based on malicious prosecution begins to accrue at the time the case is dismissed in the Plaintiff's favor.

2. Whether the trial court erred when it denied the Motion to Reconsider granting Appellants [sic], Harris County, Herman, Talbert, and Gaines's Motion for Summary Judgment since he failed to negate the application of the discovery rule or any tolling doctrines to Appellant's [sic] Fourth Amendment Claims for Excessive Force, False Arrest (based on malicious prosecution and false imprisonment), or state law claim for False Imprisonment.

2

thereto, our record does not contain any of the following:

(1) any of the Officers' summary-judgment motions,

(2) any summary-judgment response by Balciunas,

(3) any summary-judgment reply by the Officers,

(4) any of the summary-judgment evidence,

(5) any objections to the summary-judgment evidence,

(6) Balciunas's motion to compel Herman's deposition or any response thereto, or

(7) Balciunas's motion for continuance or any response thereto.

In *Enterprise Leasing Company v. Barrios*, the Supreme Court of Texas stated that although an appellee who obtained a summary judgment in its favor in the trial court had the burden to prove its entitlement to summary judgment as a matter of law, on appeal the appellant/non-movant has the burden to take the steps necessary so that the appellate record contains all of the summary-judgment evidence, providing the appellate courts with a basis for reviewing the trial court's summary-judgment ruling. *See* 156 S.W.3d 547, 549 (Tex. 2004). The *Barrios* court held that if the appellant fails to take these steps and any summary-judgment evidence considered by the trial court before making the challenged ruling is not included in the appellate record, appellate courts must presume that the omitted evidence supports the trial court's summary-judgment ruling. *See id*. at 550; *Aguirre v. Vasquez*, 225 S.W.3d 744, 752 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Under the same line of precedent, if the appellant/non-movant fails to discharge its burden to take the steps necessary so that, as to all challenged summary-judgment rulings, the appellate record contains all summary-judgment motions and responses thereto, then appellate courts must presume that any omitted item supports the trial court's summary-judgment ruling. *See Hickman v. PKD, Inc.*, No. 14-06-00117-CV, 2007 WL 2238399, at *1 (Tex. App.—Houston

3

[14th Dist.] Jun. 14, 2007, no pet.) (mem. op.). Likewise, if an appellant challenges a trial court's ruling on a motion for continuance or motion to compel a deposition and the appellant has not taken the steps necessary for the appellate record to contain the challenged motion or the evidence relied on in support of the motion, we must presume that the omitted motion or evidence supports the trial court's ruling on the motion. *See Barrios*, 156 S.W.3d at 549–50; *In re Marriage of Harrison*, 557 S.W.3d 99, 118 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *Nayyer v. Greenbriar Place Maintenance Assoc.*, No. 01-06-00566-CV, 2008 WL 183723, at *5 (Tex. App.—Houston [1st Dist.] Jan. 17, 2008, no pet.) (mem. op.).

Rule 34.5(a), which lists the documents the trial court clerk must include in the clerk's record in the absence of a party's designation, does not include summary-judgment evidence, summary-judgment motions or responses thereto, motions to compel discovery, or motions for continuance, but Rule 34.5(b) permits a party to designate additional items to be included in the record. *See* Tex. R. App. P. 34.5(a), (b); *Barrios*, 156 S.W.3d at 549–50. To avoid an application of the foregoing presumption by an appellate court, an appellant must request under Texas Rule of Appellate Procedure 34.5(b) that the trial court clerk include all necessary items in the clerk's record. *See* Tex. R. App. P. 34.5(a), (b); *Barrios*, 156 S.W.3d at 549–50; *Hickman*, 2007 WL 2238399, at *1.

Here, the clerk's record does not contain any of the Officer's summary-judgment motions, any of the summary-judgment evidence or objections thereto, Balciunas's motion for continuance, or Balciunas's motion to compel Herman's deposition, and the district clerk certified that the clerk's record contains all the proceedings directed by counsel or by Rule 34 to be included in the clerk's record. One of the items required by Rule 34 to be included in the clerk's record is any

4

request for preparation of the clerk's record. *See* Tex. R. App. P. 34.5(a). The clerk's record does not contain any request by Balciunas for the preparation of a clerk's record. Therefore, the record reflects that Balciunas did not designate any of the following items to be included in the clerk's record: the Officers' summary-judgment motions, the summary-judgment evidence, the objections to the summary-judgment evidence, Balciunas's motion for continuance, or Balciunas's motion to compel Herman's deposition. In their appellate briefs, the Officers pointed out that Balciunas had failed to carry his burden to take the steps necessary for the appellate record to contain the items this court needs to review the trial court rulings challenged by Balciunas. Nonetheless, Balciunas still has not taken these steps.

Because Balciunas has not taken the actions necessary for the appellate record to contain the items this court needs to review the trial court rulings he has challenged on appeal, we presume that each of the summary-judgment motions and any attached evidence support the trial court's rendition of summary judgment, and that Balciunas's motion for continuance and his motion to compel Herman's deposition support the trial court's denial of the respective motion. *See Barrios*, 156 S.W.3d at 549–50; *In re Marriage of Harrison*, 557 S.W.3d at 118; *Nayyer*, 2008 WL 183723, at *5; *Hickman*, 2007 WL 2238399, at *1. Based on these presumptions, we conclude that the trial court did not err in granting each of the summary-judgment motions and that the trial court did not err in denying Balciunas's motion for continuance and his motion to compel Herman's deposition. In his motion for reconsideration Balciunas did not cite any evidence not available to him when each respective summary-judgment motion was granted, and we have concluded that the trial court did not err in granting the summary-judgment motions. Therefore, Balciunas has not shown that the trial court erred in

5

denying his motion for reconsideration. *See Aguocha v. Newrez LLC*, No. 14-20-00797-CV, 2022 WL 678290, at 5, n.2 (Tex. App.—Houston [14th Dist.] Mar. 8, 2022, no pet.) (mem. op.).

We overrule Balciunas's two appellate issues and affirm the trial court's judgment.


/s/     Randy Wilson
        Justice

Panel consists of Justices Spain, Poissant, and Wilson.