

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00454-CV

Billie O. **STONE** d/b/a Stobil Enterprise,
Appellant

v.

**K CLARK PROPERTY MANAGEMENT LLC** and Trans Ventura, LLC Series B,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CI03480
Honorable H. Paul Canales, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Luz Elena D. Chapa, Justice
               Beth Watkins, Justice

Delivered and Filed: November 8, 2023

AFFIRMED

Appellant Billie O. Stone d/b/a Stobil Enterprise appeals the trial court's order granting summary judgment in favor of appellees K Clark Property Management LLC and Trans Ventura, LLC Series B. Stone contends the trial court erred because he produced summary judgment evidence showing K Clark Property Management and Trans Ventura wrongfully evicted him in retaliation because he reported gambling activity occurring in their commercial strip center. We affirm the trial court's order.

BACKGROUND

Stone sued K Clark Property Management and Trans Ventura for wrongful eviction and breach of contract after they evicted him in a forcible detainer action.[1] In his petition, Stone alleged he had originally entered into a lease agreement with Hao Cao in 1999, and the lease covered two units in a commercial strip center. According to Stone, in May 2019, K Clark Property Management notified him it had acquired ownership of the units from Cao. Stone further alleged later that year another tenant in the strip center began operating a gambling business, which interfered with his business; he then reported the illegal activity to K Clark Property Management and the Bexar County Sheriff's Office. Stone alleged, shortly thereafter, K Clark Property Management rejected his monthly lease payment and served him with an eviction notice in retaliation for reporting the gambling activity.

K Clark Property Management and Trans Ventura moved for summary judgment, arguing no lease agreement existed between them and Stone, and therefore, Stone's wrongful eviction and breach of contract claims must fail as a matter of law. Stone, however, argued he was entitled to pursue his claims, pointing to this court's opinion and order in his previous appeal of the forcible detainer action for support. He also argued K Clark Property Management and Trans Ventura failed to produce evidence showing he violated the lease agreement, and they did not produce any evidence disputing his retaliation allegations. The trial court ultimately granted summary judgment in favor K Clark Property Management and Trans Ventura, and this appeal followed.

---

[1] Stone appealed the forcible detainer action in appellate cause number 04-20-00124-CV, and this court dismissed Stone's appeal for lack of jurisdiction because Stone was no longer in possession of the premises and failed to assert a potentially meritorious claim of right to current, actual possession of the premises. *See Stone v. K Clark Prop. Mgmt. LLC*, No. 04-20-00124-CV, 2020 WL 2139294, at *2 (Tex. App.—San Antonio May 6, 2020, no pet.) (per curiam) (mem. op.).

**STANDARD OF REVIEW**

"We review summary judgments de novo, taking as true all evidence favorable to the nonmovant, and indulging every reasonable inference and resolving any doubts in the nonmovant's favor." *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022) (internal quotation marks omitted) (quoting *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 811 (Tex. 2019)). To prevail on a traditional summary judgment motion, the movant must establish no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017). A movant defendant may obtain summary judgment by either negating at least one of the essential elements of the plaintiff's cause of action or conclusively establishing all the elements of an affirmative defense. *Stanfield v. Neubaum*, 494 S.W.3d 90, 96 (Tex. 2016); *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Once the movant satisfies this burden, the burden then shifts to the nonmovant to produce evidence creating a fact issue to preclude summary judgment. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018).

**APPLICABLE LAW**

The elements for wrongful eviction include (1) the existence of a valid unexpired lease; "(2) the tenant's occupancy of the premises; (3) the landlord's eviction of the tenant; and (4) damages suffered by the tenant attributable to the eviction." *St. Anthony's Minor Emergency Ctr., L.L.C. v. Ross Nicholson 2000 Separate Prop. Tr.*, 567 S.W.3d 792, 797 n.4 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *McKenzie v. Carte*, 385 S.W.2d 520, 528 (Tex. Civ. App.—Corpus Christi 1964, writ ref'd n.r.e.). For a breach of contract claim, the essential elements are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained because of the

breach. *Brooks v. Excellence Mortg., Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, pet. denied).

APPLICATION

In their summary judgment motion, K Clark Property Management and Trans Ventura argued they did not have a lease agreement with Stone, and the lack of such an agreement precluded Stone's wrongful eviction and breach of contract claims as a matter of law. According to K Clark Property Management and Trans Ventura, Stone's original lease with his former landlord, Cao, expired on December 31, 2013, and Stone remained in possession of the premises as a month-to month tenant for the next six years. They further argued K Clark Property Management contacted Stone when it began managing the property in 2019, and again, on October 18, 2019 notifying him of its intent not to renew the month to month tenancy. Their motion states it contains three exhibits: (1) a copy of Stone's previous lease agreement with Cao, confirming it expired on December 31, 2013; (2) a copy of their new management letter to Stone; and (3) a copy of the October 18, 2019 notice, describing Stone's possession of the property as a month to month tenancy and stating the tenancy would end on November 30, 2019.

In response, Stone attached a copy of this court's opinion and order from his previous appeal of the forcible detainer action, arguing the opinion entitled him to a wrongful eviction action against K Clark Property Management and Trans Ventura. He further argued K Clark Property Management and Trans Ventura failed to produce evidence showing he violated the lease agreement, relied on hearsay statements to evict him, and did not produce any evidence disputing his retaliation allegations. He also attached copies of the pleadings in the forcible detainer action; a news article regarding the seizure of gambling machines at the gambling operations; correspondence he sent to K Clark Property Management reporting the gambling activity, asking how to set up his monthly rent payments, and confirming receipt of the October 18, 2019 notice

of intent not to renew the month to month tenancy; incident summary reports regarding criminal mischief incidents; and affidavits from three individuals concerning the gambling activity and Stone's eviction.

Turning to Stone's argument on appeal, he reiterates his arguments in his summary judgment response, contending the trial court erred because it ignored his summary judgment evidence showing K Clark Property Management evicted him in retaliation. When reviewing the summary judgment de novo, we begin by recognizing K Clark Property Management and Trans Ventura's motion states three exhibits are attached; however, the exhibits are not included in the clerk's record. Stone does not dispute the fact K Clark Property Management and Trans Ventura properly filed evidence in support of their motion. Instead, his response identifies their evidence as attached.

Although K Clark Property Management and Trans Ventura bear the burden to prove they are entitled to summary judgment as a matter of law, on appeal, Stone bears the burden of bringing forward a complete record of summary judgment evidence to provide a basis for us to review his arguments de novo. *See Enter. Leasing Co. v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam) (explaining appellant bears burden to bring forward summary judgment record to provide appellate courts with basis to review claims); *see also Matter of Est. of Abraham*, 583 S.W.3d 890, 895 (Tex. App.—El Paso 2019, pet. denied) (relying on *Barrios* and presuming filings not included in record support trial court's order granting summary judgment); *Sparkman v. Reliastar Life Ins. Co.*, No. 13-03-500-CV, 2008 WL 2058216, at *11 (Tex. App.—Corpus Christi-Edinburg May 15, 2008, pet. denied) (mem. op.) (relying on *Barrios* and reasoning party appealing trial court's order granting summary judgment has the duty to request supporting evidence be included in the appellate record). "If the pertinent summary judgment evidence considered by the trial court is not included in the appellate record, an appellate court must presume that the omitted evidence

supports the trial court's judgment." *Barrios*, 156 S.W.3d 547 at 550. Accordingly, we must presume the missing exhibits support the trial court's summary judgment in favor of K Clark Property Management and Trans Ventura. *See id.* We further conclude Stone's response failed to raise a fact issue as to whether a valid, unexpired lease existed between the parties. We therefore overrule Stone's arguments challenging the summary judgment.

**CONCLUSION**

Based on the foregoing, we affirm the trial court's order.[2]

Luz Elena D. Chapa, Justice

---

[2] To the extent Stone contends the trial court erred because this court had granted him a right to a wrongful eviction action in his previous appeal, Stone is incorrect. In his previous appeal, we concluded it was moot and dismissed it for lack of jurisdiction. *See Stone*, 2020 WL 2139294, at *2 ("Because Stone is no longer in possession of the property and because he does not assert a potentially meritorious claim of right to current, actual possession of the premises, we conclude Stone's appeal is moot. We therefore grant K Clark's motion to dismiss and dismiss this appeal for want of jurisdiction.").