# Supreme Court of Texas

No. 24-1039

Ja-Lynn Kuo; JLKUO, PLLC; Subho Mullick; SM ER, PLC;
Salima Amina Thobani; and SRG Consulting, LLC,

*Petitioners*,

v.

Regions Bank,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**PER CURIAM**

The parties agree that the court of appeals failed to address the merits of multiple issues that were properly before it. These issues should have been resolved by the court of appeals on the merits rather than on non-merits grounds. We therefore reverse the court of appeals' judgment and remand the case to that court, which should resolve the Petitioners' unaddressed issues.

Respondent Regions Bank made loans for the construction of a medical facility in Dallas. Petitioners are business entities and individuals who signed guaranties securing the loans. The Bank sued

Petitioners and others to collect on the loans. The district court granted summary judgment for the Bank, and Petitioners appealed. The court of appeals affirmed. ___ S.W.3d ___, 2024 WL 3325436, at *1, *8 (Tex. App.—Dallas July 8, 2024).

Petitioners raised several issues in the court of appeals. As described by the court of appeals, Petitioners argued in their second and third issues that "the Bank did not prove it satisfied conditions precedent and failed to conclusively prove its damages." *Id.* at *5. Petitioners' fourth issue challenged the sufficiency of the evidence to support attorney's fees. *Id.*

As to these three issues, the court of appeals did not reach the merits, instead ruling, sua sponte, that the issues were "not preserved for our review" because the appellate record was missing certain documents offered in support of the Bank's summary judgment motion. *Id.* at *5-6 & n.7. Petitioners contend in this Court, and likewise argued in the court of appeals, that these documents were in the district court and appellate record and were "on file," *see* TEX. R. CIV. P. 166a(c), for purposes of the district court's determination of the Bank's summary judgment motion. The documents were not, however, physically attached to that motion. Petitioners contend, and the Bank does not dispute, that these documents were filed multiple times in the voluminous record and are referenced in various pleadings, including previously filed summary judgment motions. In the court of appeals, the Bank likewise agreed "that the evidence supporting its summary judgment was on file at the time of the summary judgment hearing." And again, in this Court, the Bank "agrees with Petitioners that the

summary judgment evidence considered by the trial court was properly included in the appellate record." The Bank understandably maintains that the evidence necessary to grant summary judgment in its favor was on file, because otherwise it was not entitled to summary judgment. Instead of embracing the court of appeals' error-preservation holding, the Bank contends that Petitioners' evidentiary challenges fail on their merits.

We agree with both sides that the documentary evidence at issue was on file for consideration by the district court and the court of appeals. The court of appeals therefore should have reached the merits of Petitioners' evidentiary challenges. Rule 166a does not require evidence to be physically attached to a summary judgment motion; it need only be on file at the time of the summary judgment hearing. *State v. Three Thousand, Seven Hundred Seventy-Four Dollars & Twenty-Eight Cents U.S. Currency ($3,774.28)*, 713 S.W.3d 381, 388-90 (Tex. 2025); *Enter. Leasing Co. of Hou. v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004). If the court of appeals was uncertain as to whether documents attached to one pleading were equally applicable to the motion under review, it could have asked the parties to clear up the uncertainty, instead of sua sponte finding a forfeiture that was not urged by the Bank. *See Bertucci v. Watkins*, 709 S.W.3d 534, 541-43 (Tex. 2025). Seeking a clarification (or simply considering the on-file evidence that the parties agreed should be considered) would have allowed the court of appeals to avoid a procedural default and to reach the merits of an appeal, which is the preferable course whenever reasonably possible. *Id.*; *Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162-63 (Tex. 2012).

The petition for review is granted. Without hearing oral argument, *see* TEX. R. APP. P. 59.1, and without full briefing on the merits, *see* TEX. R. APP. P. 55.1, we reverse the judgment of the court of appeals and remand the case for further proceedings consistent with this opinion. On remand, the court of appeals should address in the first instance the merits of the second, third, and fourth issues Petitioners previously raised in that court. *See, e.g.*, *U.S. Polyco, Inc. v. Tex. Cent. Bus. Lines Corp.*, 681 S.W.3d 383, 391 (Tex. 2023) (remanding to court of appeals to decide unaddressed issues in the first instance); *Wasson Ints., Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 439 (Tex. 2016) (same).

**OPINION DELIVERED:** October 10, 2025