**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00251-CV**
_____

**BENNIE HUNTER HOOEY, Appellant**

**V.**

**BISHOY SAMIR BADWI, Appellee**

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. CIV31889**

**MEMORANDUM OPINION**

Bennie Hunter Hooey ("Hooey" or "Appellant") appeals a judgment entered after a nonjury trial on a suit brought by Bishoy Samir Badwi ("Badwi" or "Appellee") alleging that he incurred personal injuries when he struck a bull, which was owned or controlled by Hooey, while driving on the highway. For the reasons set forth below, we will affirm the trial court's judgment.

Hooey brings this appeal claiming six points of error by the trial court:

1

1) the trial court abused its discretion and violated Appellant's due process rights by admitting the affidavit of an interested cattle operator without requiring live testimony or allowing cross-examination;

2) the trial court erred by admitting out-of-court statements from a neighboring cattle operator without subjecting him to live testimony or cross-examination;

3) the trial court erred in excluding the testimony of Trooper John Allen;

4) the trial court improperly excluded rebuttal and impeachment evidence that Appellee's witnesses had financial incentives to deflect scrutiny from their own livestock;

5) the trial court erred by limiting Appellant's ability to introduce medical and expert evidence of Appellee's preexisting back injuries; and

6) the cumulative effect of the trial court's evidentiary rulings deprived Appellant of a fair trial.

Our discussion of the background is solely based on the clerk's record, as Hooey has failed to submit a reporter's record for our review. *See Cisneros v. Cisneros*, No. 14-14-00616-CV, 2015 WL 1143125, at *1 (Tex. App.—Houston [14th Dist.] Mar. 12, 2015, no pet.) (mem. op.) (noting in absence of reporter's record, background facts were "based on the clerk's record alone[]") (citations omitted); *see also* Tex. R. App. P. 34.6 (discussing the reporter's record). When an appellant challenges the sufficiency of evidence supporting the trial court's judgment against her, she cannot prevail without first meeting her burden of presenting a sufficient record on appeal because it is presumed that the omitted portions of the record support the trial court's judgment. *See Wiegand v. Kinnard*,

No. 07-15-00406-CV, 2016 WL 1238183, at *1 (Tex. App.—Amarillo Mar. 29, 2016, no pet.) (mem. op.) (citation omitted). Hooey bears the burden of bringing forth the reporter's record for review, and if she fails to properly present the reporter's record in accordance with appellate procedure, she should suffer the legal consequences of her choice. *See id.* at *1 n.1 (citations omitted); *see also* Tex. R. App. P. 35.3(b) (stating party's responsibility to pay for the preparation of the reporter's record).[1] Thus, our review is limited to arguments and citations to a clerk's record. *See Cisneros*, 2015 WL 1143125, at *1.

Hooey's failure to provide a complete record hinders our review of a sufficiency analysis. *See id.* at *3. We note this is not an appeal with a partial reporter's record. *See* Tex. R. App. P. 34.6(c). Thus, we presume that the omitted evidence is legally and factually sufficient to support the judgment. *See Menifee v. Chandler*, No. 09-20-00127-CV, 2020 WL 7756149, at *2 (Tex. App.—Beaumont Dec. 30, 2020, no pet.) (mem. op.); *Mosley v. Elliot*, No. 07-19-00295-CV, 2020 WL 4249729, at *1 (Tex. App.—Amarillo July 20, 2020, no pet.) (mem. op.); *Cisneros*, 2015 WL 1143125, at *3.

Despite repeated notice, Appellant has failed to submit a reporter's record of the trial proceeding when all her complaints concern evidentiary rulings by the trial

---

[1] We note that the court reporter filed a third Affidavit of Nonpayment with this Court stating that Hooey had failed to pay the balance for filing of the reporter's record.

court. Without a reporter's record, we cannot determine whether the trial court made any erroneous rulings on admission of evidence. *See Enter. Leasing Co. of Hou. v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam); *Christiansen v. Prezelski*, 782 S.W.2d 842, 843-44 (Tex. 1990) (stating burden is on appellant to present sufficient record to show error requiring reversal); *In re Marriage of Loehr*, No. 10-19-00121-CV, 2020 Tex. App. LEXIS 6755, **2-3 (Tex. App.—Waco Aug. 21, 2020, no pet.) (mem. op.); *Menifee*, 2020 WL 7756149, at *2.

## Conclusion

We overrule each of Hooey's issues on appeal and affirm the trial court's judgment.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on February 3, 2026
Opinion Delivered March 26, 2026

Golemon, C.J., Wright and Chambers, J.J.

4