**Affirmed and Opinion Filed March 21, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00160-CV

## ROBERT ZIEGLER, Appellant
## V.
## ORIGIN BANK, Appellee

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-16018**

## MEMORANDUM OPINION

Before Justices Goldstein, Garcia, and Miskel
Opinion by Justice Miskel

Robert Ziegler appeals the trial court's final summary judgment in favor of

Origin Bank on its breach of guaranty claims against Ziegler and other guarantors.

On appeal, Ziegler filed a brief adopting the brief of Walt Hatter, who was a co-

appellant until he filed a suggestion of bankruptcy and notice of the automatic stay.

Hatter's brief raises two issues arguing the trial court erred: (1) when it granted

Origin Bank's second traditional motion for summary judgment on its claims

because he raised an issue of material fact precluding summary judgment; and

(2) when it granted Origin's traditional and no-evidence motion for summary judgment on the counterclaims.

We conclude that Ziegler failed to preserve for appellate review his argument that the trial court erred when it granted Origin Bank's second traditional motion for summary judgment on its claims against Ziegler. We also conclude the trial court did not err when it granted Origin's traditional and no-evidence motion for summary judgment on Ziegler's counterclaims. We affirm the trial court's final summary judgment.

## I.     Procedural History

Origin Bank filed its original petition asserting claims against Hatter and Ziegler for breach of guaranty and sought attorney's fees.[1] Hatter and Ziegler filed a joint answer generally denying the claims and asserting various affirmative defenses. Later, Hatter and Ziegler separately filed their first amended answers, again asserting the affirmative defenses to Origin Bank's claims, and separately filed counterclaims and declaratory judgment actions.[2]

There were several motions for summary judgment and summary-judgment orders in this case that were ultimately incorporated into a final summary judgment. However, only two of those summary-judgment orders are relevant to this appeal.

---

[1] Origin Bank also alleged these claims against Lanny Wilkinson and MyLab Management, L.L.C. However, the trial judge signed a default judgment against Wilkinson and MyLab for failure to answer and appear in the lawsuit, and it signed an order that severed Origin's claims against Wilkinson and MyLab.

[2] Hatter also filed third-party cross-claims against Lanny Wilkinson, MyLab Management, L.L.C., and ProTech Precision Labs, L.L.C. that were subsequently nonsuited.

First, Origin Bank filed a traditional and no evidence motion for summary judgment on Hatter's and Ziegler's counterclaims and declaratory judgment actions. Hatter filed a response, but Ziegler did not. The trial court granted Origin's traditional and no evidence motion for summary judgment without specifying the grounds on which the motion was granted.

Also, Origin Bank filed a second traditional motion for summary judgment on its breach-of-guaranty claims against Hatter and Ziegler, arguing it was entitled to judgment as a matter of law because there was no genuine issue of material fact about whether Hatter and Ziegler breached the guaranties or about the amount of damages that Origin Bank was entitled to recover. Hatter filed a response and Ziegler filed a motion to adopt Hatter's response. The trial court signed an order granting Origin's second motion for summary judgment. Later, the trial judge signed a final judgment against Hatter and Ziegler that incorporated its prior orders. Hatter and Ziegler separately filed motions for new trial both of which were overruled by operation of law.

Hatter and Ziegler filed separate notices of appeal and briefs. Hatter filed a brief addressing the merits of his issues and Ziegler filed a separate brief adopting Hatter's brief and claiming they stand in the same position. *See* TEX. R. APP. P. 9.7. However, afterward, Hatter filed a suggestion of bankruptcy and this appeal was abated. During the abatement, Hatter filed a motion to dismiss his appeal. This Court reinstated the appeal, granted Hatter's motion to dismiss, and notified the

–3–

parties that the appeal would continue as to Ziegler and Origin. *See* TEX. R. APP. P. 8.1–8.3.

## II. Order Granting Second Traditional Motion for Summary Judgment on Origin's Claims

In issue one, Ziegler argues the trial court erred when it granted Origin's second traditional motion for summary judgment in favor of Origin on its claims against Ziegler because Ziegler raised an issue of material fact precluding summary judgment by adopting Hatter's summary-judgment response. He then adopted Hatter's brief on appeal. However, this issue raises concerns related to preservation of error and the presentation of an adequate record for review.

### A. Ziegler Failed to Bring an Adequate Record on Appeal

The record shows that Hatter filed a response to Origin's second traditional motion for summary judgment, arguing that there were genuine issues of material fact that precluded summary judgment and attaching evidence in support of his argument. The docket sheet reflects that Ziegler filed a "Motion to Adopt Response," and the trial court's order says the court considered "Defendant Robert Ziegler's Motion to Adopt Walt Hatter's Response." However, the record on appeal does not contain Ziegler's motion. As a result, we do not know the substance of that motion.

Texas Rule of Appellate Procedure 34.5(a)(1) provides that unless the parties designate the filings in the appellate record by agreement, the record must include copies of all pleadings on which the trial was held in civil cases. TEX. R. APP.

P. 34.5(a)(1). At any time before the clerk's record is prepared, any party may file with the trial court clerk a written designation specifying the items to be included in the record. *Id.* 34.5(b). It is the appellant's burden to present a sufficient clerk's record to permit the appellate court to review his complaint. *See Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549–50 (Tex. 2004) (per curiam).

The record shows that Hatter filed a written designation specifying forty-six documents to be included in the clerk's record as well as any other documents required by law. Ziegler's motion to adopt Hatter's response was not among the forty-six documents designated by Hatter. In addition, Hatter filed a written designation requesting a supplemental clerk's record identifying ten additional documents to be included in the record. Again, Zeigler's motion to adopt was not among the documents listed. The clerk's record does not show that Ziegler filed a written designation requesting the inclusion of any documents in the clerk's record. As a result, we conclude that Ziegler has failed to present this Court with a sufficient record to permit review of his complaint in issue one.

## B. Ziegler Failed to Preserve Error

The docket sheet and the trial court's order reflect that Ziegler filed a motion to adopt Hatter's response. However, as we previously noted, our record does not contain any document showing that Ziegler filed a pleading or motion that adopts Hatter's response to Origin's second traditional motion for summary judgment by

reference. *See* Tex. R. Civ. P. 58 ("Statements in a pleading may be adopted by reference . . . in another pleading or in any motion . . . .").

The trial court's order granting Origin's second motion for summary judgment states, in part, that the trial court considered Origin's second traditional motion for summary judgment, Hatter's response, "Defendant Robert Ziegler's Motion to Adopt Walt Hatter's Response," Origin's reply, and the parties' supplemental letter briefing.[3] The order also sustained Origin's objections to Hatter's letter brief, granted Origin's second traditional motion for summary judgment, and awarded Origin damages against Hatter and Ziegler jointly and severally. However, the order does not grant Ziegler's motion to adopt Hatter's response. Rather, the order expressly states that "[a]ll relief not specifically granted herein is denied."

To preserve error for appellate review, a party must make his complaint to the trial court by a timely request, objection, or motion that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1)(A). Also, the record must show the trial court ruled on the request, objection, or motion, either expressly or implicitly or refused to rule on the request, objection, or motion, and the complaining party objected to the refusal. *Id.* 33.1(a)(2).

---

[3] The record shows that Hatter and Origin filed letter briefs.

Although the trial court's order stated that it considered Ziegler's motion to adopt Hatter's response, it did not expressly rule on that motion. *Cf. Lockett v. H.B. Zachry Co.*, 285 S.W.3d 63, 72 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (noting that Zachry moved to adopt another party's motion for summary judgment and trial court granted motion). Further, we cannot conclude that the motion was implicitly granted, because the trial court's order expressly ruled on other matters and stated that all relief not specifically granted was denied. As a result, we conclude that Ziegler also failed to preserve his complaint in issue one for appellate review. *See* TEX. R. APP. P. 33.1

## III. Order Granting Origin's Motion for Traditional and No-Evidence Summary Judgment on Ziegler's Counterclaims

In issue two, Ziegler argues, by adopting Hatter's brief, that the trial court erred when it granted Origin's traditional and no-evidence motion for summary judgment on his counterclaims.

A no-evidence motion for summary judgment allows a party to seek summary judgment without presenting evidence; rather, the party asserts that, after adequate time for discovery, no evidence supports one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. *See Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021) (discussing TEX. R. CIV. P. 166a(i)). After the movant files its no-evidence motion for summary judgment, the burden falls entirely on the adverse party to produce summary judgment evidence raising a genuine issue of material fact. *Id.* The trial court must grant the motion

–7–

unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. TEX. R. CIV. P. 166a(i).

Origin sought both no-evidence and traditional summary judgment on Ziegler's counterclaims.[4] With respect to the no-evidence portion of Origin's summary-judgment motion on Ziegler's counterclaims, Ziegler had the burden to produce summary judgment evidence raising a genuine issue of material fact. The record does not show that Ziegler filed a response to Origin's traditional and no-evidence motion for summary judgment on his counterclaims or that he adopted Hatter's response. Because Ziegler failed to file a timely response to Origin's no-evidence summary judgment motion, the trial court did not err in granting summary judgment in favor of Origin on Ziegler's counterclaims. *See* TEX. R. CIV. P. 166a(i).

Having already concluded that the trial court properly rendered judgment based on Origin's no-evidence motion for summary judgment as to Ziegler's counterclaims, we need not address Ziegler's challenge to Origin's traditional motion for summary judgment on his counterclaims. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004) (appellate court reviews no-evidence summary judgment before addressing traditional summary judgment).

Issue two is decided against Ziegler.

---

[4] We note that Hatter and Ziegler also separately sought declaratory judgments against Origin. In its traditional and no-evidence motion for summary judgment on Hatter's and Ziegler's counterclaims, Origin sought traditional summary judgment on Ziegler's declaratory judgment action. On appeal, Ziegler adopted Hatter's brief, which does not argue the trial court erred when it granted traditional summary judgment as to the declaratory judgment actions. Accordingly, we do not review that portion of the trial court's ruling.

## IV.     Conclusion

Ziegler failed to preserve for appellate review his argument that the trial court erred when it granted Origin Bank's second traditional motion for summary judgment on its claims against Ziegler.  Also, the trial court did not err when it granted Origin's traditional and no-evidence motion for summary judgment on Ziegler's counterclaims.

We affirm the trial court's final summary judgment.


220160f.p05

/Emily Miskel/
EMILY A. MISKEL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ROBERT ZIEGLER, Appellant

No. 05-22-00160-CV        V.

ORIGIN BANK, Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-19-16018. Opinion delivered by Justice Miskel. Justices Goldstein and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ORIGIN BANK recover its costs of this appeal from appellant ROBERT ZIEGLER.

Judgment entered this 21st day of March, 2024.